UNITED STATES TRUST COMPANY of New York, as Trustee, etc., Respondent, v. JAMES DRAKE BLACK et al., Respondents, et al., Appellants.

By the third clause of the will of D. she directed the sale of certain of her real estate, and after payment of a bond described, that the balance of the proceeds be deposited with plaintiff, a trust company, which was directed to hold and invest the same and pay to E. the income thereof during his life. In case of the death of E. without lawful issue the testatrix provided as follows: "I order and direct that the principal of said trust fund shall form part of my residuary estate, and the same be disposed of as the same is hereinafter disposed of." By other clauses, down to the seventh, separate and distin‗ ‗ were made to a devisee named for life with remainder to others ‗a in reference to each, in case of lapse or failure to take, it was provi‗d that the devise should fall into and be disposed of as part of the residuary estate. By the seventh clause the testatrix directed that "all the rest, residue and remainder" of her estate be sold, and out of the proceeds the executors were directed to pay certain legacies specified. A trust fund was also created for the life of a beneficiary named, with the direction that on her death the trust fund should fall into and be disposed of as part of the residuary estate. By the eighth clause it was provided that after the payment of the before-mentioned legacies the executors should pay "out of the residue of the proceeds of sale" of the "residuary estate" certain other legacies specified, and then the clause directed the executors to pay over "all the rest and residue" of the "residuary estate" not otherwise disposed of to certain residuary legatees named. In an action for the con-

SICKELS — VOL. CI.     1

struction of the will it appeared that the real estate specified in the third clause was sold, the bond therein referred to paid and a balance of the purchase money deposited with plaintiff as directed; that the property cf the testatrix, other than that specified in the clause preceding the seventh, was sold, but that nothing was left of the avails to pay the specific bequests in the eighth clause. *Held,* that the "residuary estate" referred to in the third clause was that which the testatrix assumed would remain after payment of the specific legacies referred to in the seventh and eighth clauses, and which would go to the residuary legatees; and so, that said residuary legatees were entitled to the fund.

(Argued April 10, 1895; decided April 23, 1895.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made December 17, 1894, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought by the plaintiff, as trustee, under the third clause of the will of Mary Hopeton Drake, deceased, for the purpose of settling its accounts. In order to settle them, a construction of the will of the testatrix above named becomes necessary. The testatrix died in June, 1884, and her will and codicil were duly admitted to probate by the surrogate of New York county and letters testamentary issued to one Benjamin C. Wetmore, the executor named in these instruments. By the *second* clause of her will, the testatrix proceeds to execute a power of appointment in the disposition of certain real estate which had been devised to her for life by her father and which consisted of eleven houses and lots in the city of New York. Two of these lots she devised to a grandson of the sister of her late father, and she accompanied the devise with this language: "But if he shall have died before me and none of his lawful issue shall survive me, then I direct that the said property shall form part of my residuary estate, and be disposed of as hereinafter directed in relation to that estate." In the same way the testatrix disposed of various houses and lots to various devisees, ending each devise in the same general form, that in case the devisee should die before the testatrix and leave no lawful issue surviving, then

the property thus devised should form " part of my residuary estate and be disposed of as hereinafter directed in relation to that estate." In one instance contained in the last sub-division of clause *second,* probably through inadvertence, this direction is omitted. By the *third* clause of the will, the testatrix directed the sale of two of her houses in the city of New York, and out of the proceeds the execu-tors were directed to pay to James F. Evans a certain sum in full payment of a bond held by him, and the balance remaining of the proceeds of the sale of these houses was to be deposited with the United States Trust Company in the city of New York, which was directed to hold the same in trust and invest it and keep it invested upon such securities as the trust company might deem safe, and pay the interest and income to the said Evans during his nat-ural life, and upon his death leaving lawful issue him surviv-ing, the principal sum was given to his then living lawful issue ; and in case Evans refused to accept payment of the bond held by him, then the whole sum realized from the sale of the real estate was to be deposited with the trust company, and the interest of the whole of it paid to Evans during his life, and after his death · the remainder to his issue, as above stated. The clause then continued : " And in case said James F. Evans shall die leaving no lawful issue him surviving, then I order and direct that the principal of said trust fund shall form part of my. residuary estate, and the same be disposed of as the same is hereinafter disposed of."

By the *fourth* clause the testatrix devised another house and lot to another devisee, and that is another instance in which she failed to provide for the death of the devisee and the failure of issue before her own death. The *fifth* and *sixth* clauses contain matter of no importance here. The lan-guage of the *seventh* clause is as follows : " *Seventh.* All the rest, residue and remainder of my estate, both real and per-sonal, I order and direct my executor hereinafter named, or whoever shall undertake the execution of my will, to sell at public or private sale or sales, and at such time or times as

they may think for the best interest of my estate, and to convert the same into cash. * * * Out of the proceeds of such sale or sales I order and direct my said executor to pay over the following amounts to the following persons and parties respectively ; and I do hereby give and bequeath the same as follows :" Here follow some twenty different bequests to legatees, in varying sums of ten thousand, five thousand and one thousand dollars, and amounting to more than one hundred thousand dollars. Among the provisions in the *seventh* clause, the testatrix provides for the payment of a sum to the plaintiff as trustee for Esther M. Behin during her life, and she then continues : " Upon her death I direct that the said trust fund shall fall into and · be disposed of as part of my residuary estate." Another sum was provided upon similar trusts for Emily Hancock in this same *seventh* clause. The last provision of the *seventh* clause is as follows : " And I give to each of the grandchildren of Sarah A. Lawrence and Susan A. Drake one thousand dollars, if living at my death."

The *eighth* clause of the will reads as follows : "After the payment of the above-mentioned legacies and the provisions made as above directed for the annuities, I order and direct my said executor to pay over out of the residue of the proceeds of sale of my residuary estate the following legacies, which I give to the following persons and incorporations, viz. : " Then follows a list of some fifteen different charitable institutions to which are given legacies of $5,000 each; the clause then continues as follows : "All the rest and residue of my said residuary estate not herein otherwise disposed of I order and direct my said executor to pay over, and I give and bequeath the same to the above-mentioned James Drake Black, Mary Hopeton Drake and Mary Hopeton Smith absolutely, share and share alike." These three residuary legatees had already been named in the will as devisees of some portion of the estate of the testatrix.

By the *fourth* clause of the codicil of the testatrix the name of Hopeton Drake Atterbury was added to the three names above mentioned as residuary legatees, so that they con-

sisted of four instead of three, as provided for in the will. The testatrix by the next clause of her will appointed an executor and revoked all other wills.

The property directed to be sold under the provisions of the *third* clause in the will of the testatrix was sold by the executor, and out of the proceeds of sale Mr. Evans accepted the amount of $37,000 directed to be paid to him as full payment of the bond of the testatrix held by him, and a balance of a little over $54,000 was realized and was paid by the executor to the plaintiff as trustee under the provisions of this *third* clause of the will. The trustee paid the interest arising from this sum to Mr. Evans up to the time of his death, which occurred a short time before the commencement of this action, and he left no issue surviving him, so that the provision in the *third* clause of her will by which, in that event, the testatrix ordered and directed that the principal of said trust fund shall "form part of my residuary estate, and the same to be disposed of as the same is hereinafter disposed of," comes into effect.

Proceeding to carry out the provisions of the will the executor sold the property of the testatrix other than that provided for in the clauses preceding the *seventh* clause of the will and there has been realized from the sale enough to pay all the legatees named in the *seventh* clause with the exception of five of those who are named in the last portion of said *seventh* clause as the grandchildren of Sarah Lawrence and Susan A. Drake. Five of those grandchildren have not been paid their legacies. As to most of the legacies named in the *eighth* clause nothing has been paid upon them and in the case of a few of those legatees a small portion only of the legacies given to them has been paid. The executor has become a defaulter and has absconded with nearly forty thousand dollars of the estate, and there is nothing now left with which to pay the specific legacies bequeathed to those various societies named in the *eighth* clause of the will unless this sum of $54,000 now on deposit with the plaintiff trust company is applicable to their payment *pro rata* under the terms of the

will in question.  The plaintiff asked the directions of the
court as to the proper disposition of this fund.

The Special Term gave judgment directing the plaintiff
after retaining proper compensation as trustee, etc., to pay
this amount to the four last-named individuals in the *eighth*
clause, who are determined to be the residuary legatees
referred to in the *third* clause of the will and as such entitled
to this money.  The corporations named in the *eighth* clause
appealed from that decree to the General Term of the
Supreme Court, where the same was affirmed, and they have
now appealed to this court.

*E. N. Taft* for American Seamen's Friend Society, appel-
lant.  The expression "my residuary estate," of which it
is directed, in the third clause of the will, that the trust fund
for James F. Evans should form a part, in case he should die
leaving no issue, has reference to the residuary estate men-
tioned at the beginning of the seventh clause of the will, and
not to the gift of "all the rest and residue of my said residu-
ary estate" made to James Drake Black, Mary Hopeton
Drake and Mary Hopeton Smith, as expressed at the close of
the eighth clause of the will, nor to the same gift to James
Drake Black, Mary Hopeton Drake, Mary Hopeton Smith
and Hopeton Drake Atterbury, as given in the fourth (last)
clause of the codicil. · (*Cruikshank* v. *Home*, 113 N. Y. 354;
*Floyd* v. *Carow*, 88 id. 567, 568; *Smith* v. *Smith*, 141 id.
34; *Riker* v. *Cornwall*, 113 id. 127.)  The claim that the
question as to the disposition to be made of the trust funds in
question was adjudicated, either in the case of *Wetmore* v.
*New York Institution for the Blind and Others*, or by the
accounting had in the Surrogate's Court in proceedings insti-
tuted by the executor of the will of Mary Hopeton Drake, is
not sustainable. (*Bell* v. *Merrifield*, 109 N. Y. 211; *Bailey*
v. *Briggs*, 56 id. 413; *Collins* v. *Hydorn*, 135 id. 320.)

*Mornay Williams* for Baptist Home Society, appellant.
In the construction suit no question was, or could have been,

raised by the executor as to the fund now under consideration. (*Bailey* v. *Briggs*, 56 N. Y. 407 ; *Dill* v. *Wisner*, 88 id. 153 ; *In re Clark*, 62 Hun, 275.) So far from it being the intention of the testatrix in the will under consideration, that the residuary estate referred to in the third paragraph of her will should be limited to the ultimate remainder passing to the defendants James Drake Black, Mary Hopeton Drake, Mary Hopeton Smith and Hopeton Drake Atterbury, it is quite manifest this was not her intention. ( *Wetmore* v. *St. Luke's Hospital*, 56 Hun, 313.)

*Robert S. Minturn* for the New York Female Auxiliary Bible Society *et al.*, appellants. The principal of the trust fund is applicable to the satisfaction, in the order of their respective priorities, of all valid general pecuniary legacies, before any payment can be made to the residuary legatees. (2 Redf. on Wills, 115 ; *In re Benson*, 96 N. Y. 499 ; *Riker* v. *Cornwell*, 113 id. 115 ; *Cruikshank* v. *Home for the Friendless*, 113 id. 337 ; *In re Crossman*, Id. 503 ; *In re Bonnett*, Id. 522 ; *Lamb* v. *Lamb*, 131 id. 227 ; *Smith* v. *Smith*, 141 id. 29.) The disposition to be made of the present trust fund is not *res adjudicata*. (*R. E. Bank* v. *Eames*, 1 Keyes, 588 ; *Cochrane* v. *Schell*, 64 Hun, 576 ; *Collins* v. *Hydorn*, 135 N. Y. 320.)

*A. R. Dyett* for Presbyterian Home for Aged Women, appellant. If the question whether the judgments of the Special and General Terms on the action brought by Wetmore, the executor, to construe the will were, or whether either of them was, an adjudication upon the question to determine which this action is brought, is before this court on this appeal, we insist that neither of those judgments was such an adjudication. (*Laning* v. *N. Y. C. R. R. Co.* 49 N. Y. 521 ; *Mason* v. *Alston*, 9 id. 28 ; *Belden* v. *State*, 103 id. —— ; 31 Hun, 409 ; *Coutenat* v. *Feakes*, Edw. Ch. 330 ; *March* v. *Masterton*, 101 N. Y. 401 ; *Canhape* v. *Parke*, 121 id. 152 ; *Stannard* v. *Hubbel*, 103 id. 520 ; *People* v. *Hall*, 104 id.

130.) The court erred in deciding "that no one of the defendants has any interest in the principal or interest of the trust estate above mentioned, except the residuary legatees mentioned in the fourth clause of the codicil to the said will of Mary Hopeton Drake, deceased, to wit, the defendants James Drake Black, Mary Hopeton Drake, Mary Hopeton Smith and Mary Hopeton Atterbury." (2 R. S. 730, § 67; Williams on Ex. [5th ed.] 1859.)

*Julien T. Davies* and *Herbert Barry* for Domestic and Foreign Missionary Society, appellant. The claim that the defendants are estopped by the judgment entered in the suit of *Wetmore* v. *New York Institution for the Blind* cannot be maintained. (*House* v. *Lockwood,* 137 N. Y. 260; *People* v. *Johnson,* 38 id. 63; *Reynolds* v. *Stockton,* 140 U. S. 254; *Dill* v. *Wisner,* 88 N. Y. 153.) In ascertaining the intention of the testatrix, the will should be construed as a whole, and all of its provisions should be looked to in ascertaining the intention as to the language of any particular provision or clause thereof. (*Hone* v. *Van Schaick,* 3 Barb. Ch. 506; *Furman* v. *Coit,* 96 N. Y. 67.) Where a legacy lapses which is given out of the general body of the estate, it will fall into the residuary estate; but that where a residuary legacy lapses it does not pass again into the residuary estate, but passes as intestate property, the rule being that a residue of a residue does not fall into the residuary estate. (*In re Benson,* 96 N. Y. 509; *Booth* v. *Baptist Church,* 126 id. 215.)

*Cephas Brainerd, Jr.,* for Young Men's Christian Association, appellant. The claim that it was the intention of the testatrix that the Evans fund should fall into the ultimate residuum is contrary to the general scope and plan of the will. (*Wetmore* v. *St. Luke's Hospital,* 56 Hun, 313.)

*William H. Harris* and *E. L. Fancher* for New York Institution for Deaf and Dumb, appellant. The fund formed

part of the residuary estate. (*Banks* v. *Phelan*, 4 Barb. 90 ; *King* v. *Strong*, 9 Paige, 54 ; Redf. on Sur. [4th ed.] 588 ; *Fairer* v. *Park*, L. R. [3 Ch. Div.] 309 ; *Taylor* v. *Taylor*, 4 Hare, 628 ; *Lewis* v. *Darling*, 16 How. 10.) The gift to the four legatees was only of such part of the residue as was not otherwise disposed of. (*Wetmore* v. *St. Luke's Hospital*, 56 Hun, 317.) If any abatement is proper, it should be imposed upon the fund that goes to the residuary legatees and not upon the general legatees, who are entitled by law to be first paid. (*In re Benson*, 96 N. Y. 510 ; *Bland* v. *Lamb*, 2 J. & W. 406.)

*Alexander B. Crane* for Atterbury *et al.*, appellants. These appellants, legatees under the seventh clause of the will, are to be paid before those under the eighth clause, including the residuary legatees, are paid. The intention of the testatrix by the words : "Then I order and direct that the principal of said trust fund shall form part of my residuary estate, and that the same be disposed of as the same is hereinafter disposed of" is that, in the event of Evans' death without issue surviving him, the fund shall go to the executor as part of her residuary estate, to be disposed of by him. (1 Redf. on Sur. 435 ; 2 Redf. on Wills, 452 ; 3 Jarm. on Wills, 704, 707.)

*James C. Carter* and *George H. Balkam* for respondents. The judgment in the former action is conclusive and binding on all parties to that action, and the question is *res adjudicata* as against them. (*Sheldon* v. *Edwards*, 35 N. Y. 279.) This fund should not be paid back to the executor, or any successor of his that may be appointed, but should be paid directly by the plaintiff trust company to the four residuary legatees. (*Smith* v. *Van Ostrand*, 64 N. Y. 278 ; *Trustees, etc.*, v. *Kellogg*, 16 id. 83.)

PECKHAM, J. I think this judgment should be affirmed. The case seems to me a reasonably clear one. The whole estate of the testatrix was quite large and she made distinct

and specific devises of certain and separate portions of her real estate to different members of her late father's family, making provision at the same time in regard to each of them (with one or two probably inadvertent exceptions), for possible lapse or failure to take, so that in such case the devise should fall into and be disposed of as part of her residuary estate. Having made the provisions which are set forth in the will, up to the seventh clause, she then treated of the whole balance of her estate and provided for its substantially immediate sale. In describing that portion of her estate which remained after the disposition which she had made of her property in the preceding clauses of her will, she speaks of it in the seventh clause as " all the rest, residue and remainder " of her estate, both real and personal. ·By the use of such language it seems to us she did not mean that this portion of her property which she was providing should be sold and converted into cash, was to be regarded as her " residuary estate," within the meaning of that term as used by her in the third and other clauses of her will preceding the *seventh*. On the contrary, it was language which she was using for the purpose of creating a fund out of which was to come the payment of specific legacies to various persons and institutions. It is true she provided that the residue of her property should be sold, but it was only to create this fund. In the *seventh* clause the testatrix named certain persons and institutions who (out of these proceeds of sale) should be paid the sum specified, and she then provided in the *eighth* clause for the payment of the specific legacies therein named out of the balance of the proceeds of the sale ordered by her. All these specific legacies named in the seventh and eighth clauses of the will might be paid out of this fund and a balance still remain. Unless some disposition were made of a possible residuum, the will did not provide for a complete disposition of her property. What she called her " residuary estate " in one part of the seventh clause might, therefore, in that event, be to some extent undisposed of and there might be danger of the testatrix, as to such residue, dying intestate. The language now alluded to and contained

in the latter part of clause *eight* prevents the happening of this
event, for it disposes of " all the rest and residue of my said
residuary estate not herein otherwise disposed of," by giving
the same to the legatees therein named.   Undoubtedly, when
the testatrix here uses the expression " all the rest and residue
of my said residuary estate not herein otherwise disposed of,"
she refers to that portion of her estate which was the proceeds
of the sale of the property directed to be made by virtue and
under the provisions of the *seventh* clause of the will of the
testatrix, and which was in some sense her residuary estate,
and these four persons would not, under that language alone,
take this fund.   But this last provision in clause eight makes
a true residuary estate, and these are true residuary legatees,
because in addition to language which gives them the
residuum of that property, they would, in the contingency
specified, take the property described in the preceding clauses
by virtue of the directions therein contained.   The residuary
estate referred to by the testatrix in the clauses preceding the
seventh is, as we think, the residuary estate which she assumes
will remain after the payment of these specific legacies
referred to in the *seventh* and *eighth* clauses of the will.   I
have no doubt that such was the intention of the testatrix.
She undoubtedly expected that her estate would prove suf-
ficient to pay all those specific legacies which she provided
for in the *seventh* and *eighth* clauses of her will.   It can-
not be supposed that she sat down and went through the
form of disposing of property by will which she believed at
the same time would be insufficient to pay such legacies.
No such foolish and useless intent should be imputed to
her.   She believed that there would still be left a sum unpro-
vided for, the disposition of which was to be made by this
final provision already alluded to and which would dispose
of a true and final residuum.   Assuming that the testatrix
supposed that the fund to be created from the sale of her
property would be sufficient to pay these various legacies
what other estate would exist than that which would remain
after such payments ?   What other estate could she mean

when speaking of her " residuary estate " in the *second*, *third*
and other clauses preceding the *seventh*, except the estate
which she was giving to these residuary legatees named in
the last portion of the *eighth* clause ? In a certain sense that
portion of the estate she ordered sold in the *seventh* clause
was a residuary estate, because she directed all of the
estate to be sold not heretofore disposed of. Out of a sale
of this estate which she thus describes she provides a fund for
the payment of specific legacies, and the residue to these four
persons. But when she is providing for a possible failure of
any of the various devises given in the *second*, *third* and other
clauses, and directs that they shall fall into and form part of
her residuary estate, to be disposed of as that estate is dis-
posed of, I cannot doubt that in such case the residuary estate
she speaks of and which she has in mind is that which she
assumes will exist after payment of legacies, and which will go
to these four residuary legatees above named. In the two trusts
created by her in the *seventh* clause, there was a life tenant
in each for whom the particular trust was created, and that
life tenancy might remain for years, and it certainly cannot be
believed that the testatrix had in mind a possible failure of
assets to pay legacies, and the falling in of a life estate years
after her death, and the application of the fund towards the
satisfaction of these specific legacies. And it is to be noted
that these two trusts are created in this very *seventh* clause where
it is claimed the real residuary estate is therein provided for.
The trust funds are raised out of a sale of the " rest, residue
and remainder of " her estate, and yet she directs those trust
funds after the death of the *cestui que trust* to be disposed of
as part of her " residuary estate." Is it not plain that she
means by those words, that residuary estate mentioned in the
latter part of clause *eight* ? This construction adds strength to
that contended for as the proper one in the *third* clause. .

Various other reasons I think suggest themselves for the con-
struction we give to the words " residuary estate " when used in
the clauses of the will preceding the *seventh* clause, but it is not
necessary to refer to them in detail. We cannot say, as a mat-

ter of law, that testators always mean precisely and definitely the same thing when they use the same expression in different parts of their wills. It is a good rule to say that generally they do. It is always, however, a question of intention, and that intention the context or the facts surrounding the subject may show to be different in different places, although the same expression may be used in both. By virtue of the provisions made in the *third* clause of this will the fund therein spoken of must go to the four persons named in the latter portion of the *eighth* clause and in the codicil as residuary legatees, because I have no doubt that the testatrix so intended by the use at that time of the expression "residuary estate." Under this construction the charitable institutions have no title to any portion of this fund.

I have read the various briefs of the counsel who have appeared for these institutions and filed briefs in this court. They are exceedingly able presentations of their views. Without assuming to answer at length many of the objections to our construction of the will of the testatrix which are therein urged, we think none of them is tenable and that the judgments of the courts below should be affirmed, with costs to the plaintiff and the guardians *ad litem* of the infant defendants, payable out of the fund.

All concur.

Judgments affirmed.