the said reasons had existence as matter of fact; it cannot consider the explanation given by the person removed and say it was sufficient. If no reasons were assigned for the removal, or if those assigned were insufficient or unlawful, the removal would be contrary to the requisites of the statute to make a lawful removal, or give jurisdiction to remove. Whether the writ of mandamus instead of the writ of certiorari is the remedy for such a case to reinstate the person removed is not now required to be decided as no objection to the latter writ is made by the respondent; but although the case is being voluntarily considered by this court under the writ of certiorari, it cannot be reviewed on the facts, but only in the matter of strict legality which has been mentioned. It should be noted that the said section 21 of the civil service law expressly provides that every one whose rights may be prejudiced contrary to the provisions of that section is entitled to the writ of mandamus to remedy the wrong; and that by a later provision therein the writ of certiorari is prescribed in the case of removals where a trial is required and had; the said section thus making the true distinction between the different offices of the said writs.

The action of the respondent should be confirmed.

Action of the respondent confirmed, without costs. All concur.

---

## In re TITLE GUARANTEE & TRUST CO.

(Supreme Court, Appellate Division, Second Department. June 12, 1908.)

WILLS—CONSTRUCTION—SPECIFIC BEQUESTS TO RESIDUARY LEGATEES—INSUFFICIENCY OF ESTATE TO PAY GENERAL LEGATEES—EFFECT.

A clause of a will gave the executor $20,000 in trust to keep the same invested and pay the income to testator's wife during her life, and provided that, upon her death, the principal and accumulated income should form a part of his residuary estate thereinafter disposed of. A subsequent section provided that, if his estate proved inadequate to satisfy all the provisions of the will as thereinbefore provided, then the trust funds set apart for the benefit of an adopted son and the several legacies therein made, except the provision for his wife and an adopted daughter, should be reduced pro rata. The residuary estate was bequeathed to certain charitable institutions and relatives who were also given general legacies. The estate was insufficient to pay the general legacies in full. *Held* that, while there can be no residuary estate until the debts of the testator and general legacies are paid after the widow's death, the residuary legatees would take the $20,000 fund and accumulation as a specific bequest, irrespective of whether there was any residue of the estate, and a distribution among the general legatees in payment of the balance unpaid on their legacies would not be proper.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 2184.]

Hooker, J., dissenting.

Appeal from Surrogate's Court, Kings County.

Proceedings for the judicial settlement of the accounts of the Title Guarantee & Trust Company, as trustee under the will of Alfred T. Baxter. From a decree of the Surrogate's Court, the Methodist Episcopal Hospital and others appeal. Modified and affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

George S. Ingraham, for appellant M. E. Hospital.

George W. Robinson, for respondents Frederick W. Baxter and others.

Albert R. Moore (Hermon H Shook, on the brief), for respondents Rebecca A. Linington and others.

J. Harry Snook, special guardian, for respondents Mary E. Baxter and Charles E. Baxter.

MILLER, J. The will of Alfred T. Baxter, after providing for a number of separate bequests, contained among others the following clauses, viz.:

"Eighteenth. I give to my said executor the sum of twenty thousand dollars in trust to keep the same invested, and to pay the net rents, issues, income and profits thereof, semi-annually, to my wife Julia, during her life and upon her death, it is my will that the principal of the fund so set apart in trust for her, together with any accumulated income therefrom, that there then may be, be paid into and form a part of my residuary estate hereinafter disposed of. * * * "

"Twenty-Fifth. In case my estate proves inadequate and insufficient to meet and satisfy all the provisions of this my will, as hereinabove provided, then and in that case it is my will that the trust funds herein set apart for the benefit of my adopted son, Frederick W. Baxter, and the several legacies and bequests herein made, except the provision herein made for my wife Julia, and my adopted daughter Melanie be reduced pro rata and in proportion to such deficiency; if any such there be, to the end that said reduction shall equal in the aggregate the amount of such deficiency and no more."

The residuary estate was bequeathed to three charitable institutions and to three of his relatives, who were also given general legacies. The estate was not sufficient to pay the general legacies in full. The executor set apart the sum of $20,000 as the trust fund for the benefit of the widow pursuant to said eighteenth clause. The widow has now died, and it becomes necessary to determine how the testator intended to dispose of the remainder of the said trust estate. The appeal is from a decree of the Surrogate's Court directing its distribution among the general legatees in payment of the balance unpaid on their legacies, with interest.

The learned surrogate made said decree, and the respondents seek to sustain it upon the well-settled rule that general legacies must be paid in full before there can be any payment to residuary legatees. Of course, there can be no residuary estate until the debts of the testator and the general legacies are paid; but the question before us is purely one of construction. The testator apprehended that his estate might not suffice to pay in full all of the general legacies, and expressly provided that in that event they should be reduced pro rata, but that there should be no reduction in the provisions for his wife and adopted daughter. By the said eighteenth clause he created a trust estate of $20,000, and provided that the income should be paid to his wife for life, the remainder to "be paid into and form a part of my residuary estate hereinafter disposed of." Had he bequeathed the remainder in express words to his residuary legatees by name, there could be no doubt of his intention. But he did that, in effect,

describing them as a class. He knew that there might be no residuary estate, for he provided for a pro rata reduction of the general legacies. If he had intended the remainder of the trust estate to go to the general legatees in case their legacies had not been paid in full, he could easily have said so, but, instead he expressly provided as hereinbefore stated, thus unequivocally evidencing an intention that said remainder should go to the residuary legatees in the manner in which he disposed of his residuary estate. When the trust fund was set apart, it ceased to be a part of the testator's estate, and the executor had nothing more to do with it. The fact that the executor was also trustee does not change the case. The rule relied upon has no application, for the reason that the residuary legatees take the remainder as a specific bequest, irrespective of whether there was any residue of the estate. An argument is made that the testator could not have intended that the residuary legatees should take the said remainder unless the general legatees were paid in full; but we must determine his intention from what he said. Knowing that the general legacies might not be paid in full, he provided for the same disposition of said remainder as he made of his residuary estate; i. e., he bequeathed it in equal parts to the six residuary legatees. It does not seem that precedent is needed for this construction, but there is controlling authority for it. U. S. Trust Co. v. Black, 146 N. Y. 1, 40 N. E. 403. In that case the remainder of a trust estate was disposed of in the following language, viz.:

"I order and direct that the principal of said trust fund shall form part of my residuary estate, and the same be disposed of as the same is hereinafter disposed of."

There was no true residuary estate, for the reason that the estate was not sufficient to pay all the general legacies. That case was complicated by the fact that the testatrix by three successive clauses disposed of the "rest, residue and remainder of her estate," in effect disposing of a residue of a residue, but there was only one true residuary clause; i. e., the last. The question discussed was the meaning of the words "residuary estate" in the sentence quoted, supra, the testatrix having used that expression in more than one sense, and it was held that the expression referred to the true residuary estate, and that the said remainder must go to the four true residuary legatees, notwithstanding the fact that the legacies to be paid out of a "residue" as provided by the clause preceding the true residuary clause had not been paid in full. We have no such complication in this case.

The decree should be modified so as to direct the distribution of the remainder of the said trust estate among the residuary legatees.

Decree of the Surrogate's Court of Kings county modified in accordance with the opinion of MILLER, J., and, as so modified, affirmed, with costs to all parties payable out of the funds.

WOODWARD, JENKS, and RICH, JJ., concur. HOOKER, J., votes to affirm upon the opinion of the surrogate.