(87 Misc. Rep. 75)

## In re AVERY et al.

### (Surrogate's Court, Westchester County.   September, 1914.)

WILLS (§ 754*)—CONSTRUCTION—RESIDUARY CLAUSE.

   Testatrix, after a number of legacies, provided that all the residue of her estate, and all funds in the hands of her executors and trustees, set apart to produce incomes, and not specially disposed of, and all void or lapsed legacies, were bequeathed equally to three persons named. *Held*, the estate being insufficient to pay general legacies in full, that the clause was merely a residuary clause, and could not be construed as a specific gift to the three named of a legacy which lapsed by death of the legatee before testatrix, or of the principal of a trust fund which testatrix had directed should become part of the residuary estate on death of the life beneficiary, so as to give the three preference over deficiencies in general legacies given to others.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1945, 1946; Dec. Dig. § 754.*]

Judicial settlement of the account of Edward S. Avery and others, as administrators with the will annexed of Mary E. Brinckerhoff, deceased. Decreed according to opinion.

Satterlee, Canfield & Stone, of New York City, for administrators c. t. a.

Harrison T. Slosson, of New York City, special guardian.

Emmet & Parish, of New York City, for New York Life Ins. & Trust Co., as trustee, etc.

Charles P. Williams, of Lyons, for legatee Mary A. Williams.

Remson & Parsons, of New York City, for New York Kindergarten Ass'n.

Tison & Goddard, of New York City, for legatee Amelia M. Clark.

Huger W. Jervey, of New York City, for Edward S. Avery and others.


SAWYER, S.   The accounting filed in this proceeding shows that the estate of the decedent is insufficient to pay the general legacies in full.   The specific legacies have been turned over and a large portion of the general legacies have been paid.   Under the second clause of the will of the testatrix, William G. Hoople, who predeceased her, was given a legacy of $10,000.   Under the ninth clause of the will the testatrix established two trust funds, as follows:

   "Ninth. I direct my executors to set apart two funds of $12,000 each, and to pay the income of one fund to Mary O'Brien, and the income of the other fund to Catherine Morris so long as they live respectively, the principal of the sums or funds on their respective deaths to become a part of my residuary estate."

The residuary clause of the will reads as follows:

   "Fifteenth. All the rest, residue and remainder of my estate and all funds in the hands of my executors and trustees set apart to produce incomes and not herein specifically devised or bequeathed, and all lapsed and void legacies, I give, devise and bequeath to Edward S. Avery, Helen F. Avery and Theodore S. Avery equally share and share alike."

Mary O'Brien, one of the beneficiaries of the trust fund created under the ninth clause, is dead. The other beneficiary, Catherine Morris, is still alive. The attorneys for the administrators with the will annexed claim that under the fifteenth clause of the testatrix's will there was a separate gift of all lapsed legacies to Edward S. Avery, Theodore S. Avery, and Helen F. Avery Tucker, and that, therefore, the legacy of $10,000 bequeathed to William G. Hoople, the same having lapsed by reason of his death before the testatrix, should be paid to these three individuals before any payment therefrom is made to make up the deficit in the payment of the general legacies. Said attorneys also claim that the principal of the trust funds mentioned in the ninth clause of the will, upon the death of the beneficiaries mentioned therein, should be paid to Edward S. Avery, Theodore S. Avery, and Helen F. Avery Tucker, individually, and that the same should not be applied toward the payment of the deficit of the general legacies.

A careful consideration of the will convinces me that these contentions ought not to be sustained. The general principle of the law is that legacies should be paid in full before any payment to the residuary legatee, and that the residuary legatee cannot call upon the general or specific legatees to make an abatement so as to share proportionately with him. The whole scheme of the will shows clearly to my mind that the intention of the testatrix was to create a large number of general and specific legacies, and after these were all paid then the rest, residue, and remainder to go to the residuary legatees specifically mentioned. It can be assumed that the testatrix, in framing her testamentary scheme, contemplated that her property was sufficient in amount to carry out all details.

The capital of the trust funds created by the ninth clause of the will cannot be considered as a specific bequest to Edward S. Avery, Theodore S. Avery, and Helen F. Avery Tucker under the fifteenth clause of the will, because the intention of the testatrix is shown very clearly when she states in the ninth clause that "the principal of the sums or funds on their respective deaths to become a part of my residuary estate." This shows conclusively that the testatrix considered that the two funds in question should become a part of the residuary estate. The inclusion in the fifteenth clause of the will of "funds in the hands of my executors and trustees set apart to produce income and not herein specifically devised or bequeathed, and all lapsed or void legacies" adds nothing to the clause and takes nothing from it whatever. Least of all does it change the character of the clause, rather it goes to confirm its character, if confirmation were necessary, for these are things of the exact sort that find their proper places in the residue.

If the testatrix had intended to bequeath the principal of these trust funds and all lapsed legacies to the persons named as residuary legatees personally, to the exclusion of the general and specific legatees, she certainly would have provided for the same in another separate and distinct clause. By carefully considering the provisions of the will it will be observed that the residuary legatees have been previously named in the will as general legatees, and are large recipients of the bounty of the testatrix to the extent of over half a million dollars.

It could not have been the intention of the testatrix that, in addition to the above liberal provision for these residuary legatees, they were to be preferred further at the expense and abatement of the general legatees.

I am of the opinion that, considering the whole will, there was a clear intention on the part of the testatrix to treat the principal of the two trust funds created under the ninth clause of the will, and the lapsed legacy of $10,000 mentioned in the second clause, as part of the rest, residue, and remainder of her estate after the payment of the general legacies in full. There could be no rest, residue, and remainder of the estate—no real residuary fund—until that was done. Matter of Title Guarantee & Trust Co., 195 N. Y. 339, 88 N. E. 375.

Findings and decree may be submitted on notice.

Decreed accordingly.