In the Matter of the Estate of GEORGIANA E. REYNOLDS, Deceased.

Surrogate's Court, New York County, December 6, 1924.

Wills — construction — testatrix, after creating trust for named life tenant directed in residuary clause that remainder of beneficiary's interest go to certain designated charities — assets of estate on death of life tenant insufficient to meet payment of preferred and general legacies in full — intention of testatrix was that trust fund should become part of residuary estate but that payments to residuary legatees should not be made until after payment of deficiencies due preferred and general legatees.

A will which by its 8th clause creates a trust for a named life tenant with the remainder over to "the Institutes * * * named in clause twelfth" and then directs in the said 12th clause that all the residue of the estate should go to certain designated charities will be construed as requiring that payments to the residuary legatees should be made only after the payment of the deficiencies due the preferred and general legatees, where the assets of the estate, on the death of the life tenant, were insufficient to meet the payment of the preferred and general legatees in full and the plain intention of the testatrix was that the trust fund should become part of the residuary estate, but that payments should not be made to residuary legatees until after payment of deficiencies due preferred and general creditors.

PROCEEDING for an accounting involving the construction of the will.

*Joseph T. McNaier*, for the petitioners.

*Jackson, Fuller, Nash & Brophy* [*George B. Brooks* of counsel], for St. Luke's Home for Aged Women.

Surrogate's Court, New York County, December, 1924.     [Vol. 124

*Spencer, Ordway & Wierum* and *D. R. Koons*, for B. M. Spurr, the Reynolds Memorial Training School for Nurses, etc.

*Zabriskie, Sage, Gray & Todd*, for Calvary Church.

*Charles A. Runk*, for Bessie C. Gillender.

*Kellogg & Rose*, for objector.

*Stetson, Jennings & Russell*, for St. Paul Normal and Industrial School.

*Oswald A. Bauer*, for Christ's Episcopal Church.

*John G. Pembleton*, for Sister Catherine's Home.

FOLEY, S.:

In this accounting proceeding the construction of the will becomes necessary. By clause 8 of the will the testatrix provided: " I give and bequeath to my executors hereinafter named, their successor or successors, survivor or survivors, the sum of Twenty thousand ($20,000) dollars to be held by them in trust, to invest the same and to collect and receive the interest and income thereof and after deducting all lawful charges and expenses to pay the net income thereof to said Mary C. Schulze, *née* Coddington, for and during the term of her natural life, and at and upon her death to convey, transfer and deliver said principal sum of Twenty thousand ($20,000) dollars, with all income and interest undisposed of by her at the time of her death, to the Institutes hereinafter named in Clause Twelfth of this my Last Will and Testament.     *     *     * "

The 12th, or residuary clause, provided in part as follows: " All the rest, residue and remainder of my estate, real, personal and mixed, of any and every kind and nature whatsoever and wheresoever the same may be situate, whether legal or equitable, I give, bequeath and devise to the following named charities, to be equally divided between them, share and share alike, namely, To the said Shelter for Respectable Girls; To the Missionary Work in charge of Archdeacon Spurr at Moundsville, West Virginia, endorsed by the Rt. Rev. George W. Peterkin, Bishop of West Virginia, and the Rt. Rev. W. L. Cravatt of Charleston, West Virginia; and to the work among the colored people of Lawrenceville, Virginia, now in charge of Archdeacon Russell.     *     *     * "

Mary C. Schulze, the life tenant of the trust, died, and the question to be determined here is as to the persons who are entitled to the remainder. The assets of the estate were insufficient to pay any of the general legacies in full, and pursuant to a decree entered in this court, upon a prior accounting, certain preferred legacies abated in part, and certain general legacies abated entirely.

The residuary legatees necessarily received nothing.   Moreover, by reason of the insufficiency of the net estate, the actual corpus of the trust set up for the life of Mary C. Schulze was $15,720.   The remainder in this trust is claimed on the one. hand by a group of persons and corporations named as legatees in clause 12th of the will.   These beneficiaries claim that they take as remaindermen of the fund, just as if their names were specifically recited in clause 8th as such remaindermen.   On the other hand, the various pre-ferred legatees contend that the deficiencies in their legacies must be made good out of the corpus of the trust before a distribution is made to the beneficiaries named in the residuary clause.   In my opinion the contention of the latter group must be sustained.

Viewed from the language of clause 8th alone there would appear to be an absolute gift to the persons named in clause 12th but when the entire will is read there appears to have been a fixed intention on the part of the testatrix that the preferred legatees should be paid their respective legacies in full.   In each clause of the will where a preference is shown, the testatrix directed as follows: " Such legacies to be paid without abatement and free from all transfer tax."   Unlike the provisions of the trust involved here, the terms of the other trust, created by clause 8th for the life of Henrietta F. D. Lyon, specifically named the remainderman and directed payment of the remainder to St. Luke's Home for Aged Women.

In *Matter of Title Guarantee & Trust Co.* (*Estate of Baxter*) (195 N. Y. 339, revg. 127 App. Div. 118) the Court of Appeals held that a gift of a remainder of a trust to " be paid into and form a part of my residuary estate hereinafter disposed of," did not constitute a direct gift of the corpus, and further that the residuary legatees were not entitled to the fund as against the favored general legatee whose bequest had partially abated.   There is little differ-ence between the language of the will in that case and the will involved here.   The gift of this testatrix in clause 8th " to the institutions hereinafter named in clause 12th of this my last will and testament " was a gift under the latter clause to them in their capacity as residuary legatees.   As stated by Judge BARTLETT in *N. Y. Title Guarantee & Trust Co.* (*supra*): " It should be assumed that the testator in framing his testamentary scheme contemplated that his property was sufficient in amount to carry it out in all details.   It seems perfectly clear that the testator never anticipated that the placing of these amounts in the residuary estate would, in case of insufficient assets, lead to the abatement of general legacies and the partial destruction of his main testamentary scheme."   So here, it is clear that the testatrix contemplated that the trust fund

should become part of her residuary estate, and that payment should only be made to the residuary legatees, after the directions of her will in favor of the special objects of her bounty should be complied with.  There was no true residuary fund until that was done.

The remainder of the trust estate should, therefore, be distributed, *first,* in payment of the deficiencies due the preferred legatees whose legacies have abated proportionately; *second,* to the general legatees whose legacies have wholly abated; *third,* if any balance remains, to the residuary legatees.  The question of the misnomer of the residuary legatees will be reserved until the submission of the decree to ascertain if there are any funds to be paid to them.

Submit decree accordingly.