MATTER OF THOMPSON. **99**

Misc. 99]     Surrogate's Court, New York County, November, 1925.

In the Matter of the Estate of BLANCHE A. THOMPSON.

Surrogate's Court, New York County, November 19, 1925.

Wills — construction — will gave designated legatees certain valuable articles of jewelry, cash, wearing apparel and " other purely personal effects (other than cash and securities) not herein specifically given or bequeathed to any one "— phrase " other purely personal effects " construed under rule of ejusdem generis — trust created for benefit of mother, with direction that upon her death principal thereof should become part of residuary estate — assets of estate insufficient to pay general legacies in full — principal of trust created for mother applied to payment of general legacies before any part thereof is paid to residuary legatee — failure of father of testatrix to invoke aid of Decedent Estate Law, § 17, precludes consideration of question as to prohibition against gift of more than one-half of estate to charity.

In a will in which the testatrix gave a designated legatee certain valuable articles of jewelry, cash, wearing apparel, toilet articles and " other purely personal effects (other than cash and securities) not herein specifically given or bequeathed to any one," the phrase " other purely personal effects " should be construed, under the rule of *ejusdem generis,* as including all jewelry, wearing apparel and toilet articles not otherwise specifically bequeathed to said legatee. However, said legacy cannot be broadened to include household furniture, furnishings, pictures, works of art and automobiles, since the word " purely " limits the words " personal effects."

Under a further provision in said will, by which the testatrix created a trust for the benefit of her mother, with direction that upon her mother's death the principal thereof should become part of the residuary estate for distribution unde  a clause in said will bequeathing said residue to a charitable corporation which was to be organized by the executors of the testatrix, the principal of said trust must be applied to the payment of general legacies set out in the will before any part thereof is paid to the residuary legatee, since the assets of the estate are insufficient to pay said general legacies in full.

In the absence of any move on the part of the father of the testatrix, the only person entitled to share in her estate in the event of intestacy under the Statute of Distribution in force at the time of her death, to invoke the aid of section 17 of the Decedent Estate Law, the prohibition against the gift of more than one-half of decedent's estate to charity has no application in the proceeding herein, since only those next of kin specifically mentioned in said section and those who would derive benefit therefrom may enforce the rights conferred by its provisions.

PROCEEDING for construction of will.

*Esselstyn & Haughwout,* for the petitioner.

*Geller, Rolston & Blanc [Frederick Geller* of counsel], for Farmers Loan and Trust Company, as trustee.

*Osborn, Fleming & Whittlesey [George N. Whittlesey* of counsel], for Farmers Loan and Trust Company, as executor.

Surrogate's Court, New York County, November, 1925.     [Vol. 126

*Reuben Leslie Maynard,* for Alice Roche and others.

*Daniel J. Mooney,* for Mary F. Garratt.

*Paul T. Kammerer, Jr.,* special guardian.

*Albert Ottinger, Attorney-General,* for New York State Comptroller.

FOLEY, S. In this construction proceeding the several questions presented for determination are disposed of as follows:

1. Under the 6th paragraph of her will the testatrix bequeathed to her friend and companion, Mary Frances Garratt, the sum of $50,000 in cash, certain extremely valuable articles of jewelry, and then provided as follows:

" (j) My sealskin coat; (k) My sable boa with tails; (l) All my toilet articles of every description, and the clock that generally stands at my bedside, and also all my furs and dresses, and other purely personal effects (other than cash or securities) not herein specifically given or bequeathed to any one."

A question has arisen as to what articles of personal property are included within the words " other purely personal effects." Applying the rule of *ejusdem generis,* or things of the same kind, I hold that these words include all the jewelry, wearing apparel and toilet articles not otherwise specifically bequeathed. The rule is well settled that " where certain things are enumerated and such enumeration is followed or coupled with a more general description, such general description is commonly understood to cover only things *ejusdem generis* with the particular things mentioned. In such case it is presumed that the testator had only things of that class in mind." (*Matter of Reynolds,* 124 N. Y. 388; *Matter of Robinson,* 203 id. 380; *Matter of Thompson,* 217 id. 111; *Ludwig* v. *Bungart,* 33 Misc. 177; *Fenton* v. *Fenton,* 35 id. 479.) The legacy cannot be broadened, however, to include household furniture, furnishings, paintings, works of art, bric-a-brac and automobiles, because of the limitation upon the words " personal effects " by the word " purely." The difficulty in this, as in many wills, is in attempting to ascertain the intent of the testatrix from language chosen, not by her, but by the draftsman of the will. It would have been possible to have employed clearer words of description than those used in the will here. In this connection it should be noted that in the concluding sentence she gives all her furs not otherwise disposed of to Miss Garratt, yet in the previous subdivision of the same paragraph there is a futile and unnecessary mention of two specific articles of fur. The words " purely personal effects " would ordinarily include jewelry, which usually is worn as an article of personal adornment. It must be assumed that both the testatrix and the draftsman used the words " other than cash

MATTER OF THOMPSON. **101**

Misc. 99]    Surrogate's Court, New York County, November, 1925.

and securities " with deliberate intent, and the use of these words broadened the class of purely personal effects beyond the other articles mentioned in subdivision 1, viz., toilet articles, furs and dresses. Under this ruling the legacy must be deemed to include all articles of jewelry not otherwise bequeathed in the will, and the property set forth in paragraph 3 of the petition which included toilet articles, clothing and other wearing apparel.

2. After deducting the debts, funeral expenses and administration expenses there are not sufficient assets in the estate to pay the general legacies in full. The general legacies approximate the sum of $153,000. A power of appointment was granted to Mrs. Thompson, the testatrix herein, over the sum of $700,000 under a deed of trust executed between her husband, Josiah V. Thompson, and herself. The testatrix directed by paragraph 25 of her will that out of this appointed fund, the sum of $250,000 be set apart and held in trust for the benefit of her mother, Elizabeth M. Gardner, and upon her death that the principal " shall become a part of the residue and remainder of my estate and shall be disposed of under the residuary clause hereinafter set forth, being clause ' twenty-sixth ' of this my will." This trust has terminated by reason of the death of the life beneficiary.

The 26th or residuary paragraph of the will provided:

" *Twenty-sixth.* I hereby direct my said Executors, as soon as practicable after my death, to organize, or cause to be organized, a corporation to take over all of the property herein bequeathed and devised under this the residuary clause of my will, such corporation to have for its objects and purposes those mentioned in this clause of my will, and to have five (5) directors, of whom at least three (3) shall reside in said Dutchess County, and, when said corporation shall have been formed and organized, then I hereby give, devise and bequeath to such corporation all the rest, residue and remainder of my estate, real and personal, wheresoever the same may be situate, of which I die seized or possessed, or to which I may be entitled at the time of my death, including lapsed legacies and undisposed of remainders over, and including also the rest, residue and remainder of the remainder over the said Seven Hundred Thousand Dollars ($700,000) trust fund.   *   *   * "

The question to be determined is, shall the remainder of this trust fund be paid directly to the charitable corporation formed by the executors under the above clause, the Friendship Hall Vacation Home, Inc., or shall it be used as part of the general estate to make good the deficiency in the general legacies? I hold, upon the authority of the decision of the Court of Appeals in *Matter of Title Guarantee & Trust Company (Estate of Baxter)* (195 N. Y. 339, revg.

127 App. Div. 118), that the principal of the trust created for the benefit of Elizabeth M. Gardner must be applied to the satisfaction of the general legacies before any part is paid over to the residuary legatee. In *Matter of Title Guarantee & Trust Company* (*supra*) a clause of the will directed that the remainder, after the termination of a life trust for $20,000, shall " be paid into and form a part of my residuary estate hereinafter disposed of." That language is similar in substance and almost identical in form to the language of the will here. In that case Judge EDWARD T. BARTLETT, after holding that the trust fund should be applied to the payment of the amount due the general legatees before any portion thereof was paid to the residuary legatees, said: " It should be assumed that the testator in framing his testamentary scheme contemplated that his property was sufficient in amount to carry it out in all details. It seems perfectly clear that the testator never anticipated that the placing of these amounts in the residuary estate would, in case of insufficient assets, lead to the abatement of general legacies and the partial destruction of his main testamentary scheme.

" We are of opinion that, considering the whole will, it was the clear intention of the testator to treat the trust fund set apart for the benefit of his wife, in the event of her death, as a part of the rest, residue and remainder of his estate, after the payment of general legacies in full. There could be no rest, residue and remainder of his estate — no real residuary fund — until that was done." (See, also, *Matter of Farmers' Loan & Trust Co.* [*Brundage Estate*], 186 App. Div. 722; mod. on another point, 226 N. Y. 691; *Matter of Reynolds*, 124 Misc. 435.)

In this estate, therefore, the principal of the trust fund under subdivision (a) of paragraph 25, amounting to the sum of $250,000, should be applied as far as necessary to making up the deficiency in the general legacies contained in the previous paragraphs of the will.

3. As the father of the testatrix, the only person entitled to share in the estate of Mrs. Thompson in the event of intestacy under our Statute of Distribution in force at the time of her death, has not invoked the aid of section 17 of the Decedent Estate Law (as amd. by Laws of 1923, chap. 301), the prohibition against the gift of more than one-half of the estate to charity therein contained has no application in this proceeding. Only those next of kin specifically mentioned in that section and those who would derive a benefit therefrom may enforce the rights conferred by its provisions. (*Matter of De Lamar*, 203 App. Div. 638; affd., 236 N. Y. 604; *Decker* v. *Vreeland*, 220 id. 326; *Amherst College* v. *Ritch*, 151 id. 282; *Robb* v. *Washington & Jefferson College*, 185 id. 485.)

Submit decree construing will accordingly.