In the Matter of the Estate of ISIDOR WARSCHAUER, Deceased.

Surrogate's Court, New York County, March 4, 1930.

*Meier Steinbrink*, for the petitioner.

*Francis X. Dineen*, special guardian.

*Abraham Meyer*, special guardian.

*Foster & Newman*, for legatees Louis and Max Warschauer.

O'BRIEN, S.   Under the terms of the will the testator created three separate trusts of $40,000 each for the benefit of his two brothers, Adolph and Max Warschauer, and for Carrie Rothschild. His residuary estate he left in trust for the life of his son, David, with remainder over.   He directed, however, that his residuary trust estate shall total $500,000, and that if his executors and trustees should find that the residue did not amount to that sum then the bequests made for the three other beneficiaries above named, should be reduced accordingly in order that the residue shall amount to $500,000.   It appears that upon his death it was necessary to reduce the trusts for the two brothers to $29,431.08 each in order to comply with the testator's direction as to the residuary trust estate.

With respect to the trust fund for Carrie Rothschild, the testator directed that upon her marriage or death, the principal or any balance thereof should become a part of his residuary estate. Carrie Rothschild has married so that the trust for her benefit has terminated.   Under the provisions of the trusts for Max and Adolph Warschauer, upon their deaths, the principal of each trust or any balance thereof is to be divided among their surviving children, and if there be no surviving children it is to become part of the residuary estate.   *The question is raised whether the remainder of the Carrie Rothschild trust should be paid into the residuary estate, or be used first to make good the deficiencies in the trusts constituting the legacies to Max and Adolph Warschauer.*

It is urged by the special guardian for two contingent infant remaindermen of the residuary estate that it was the intention of the testator, as found in his will, that this fund pass directly to the residuary estate.   On behalf of the two brothers of the testator and an infant son of one of them, Adolph Warschauer, it is contended that such remainder must be used to make up the deficiencies in the trusts before any part thereof is added to the trust fund of the residuary estate.   I hold that the latter construction is the proper one.   In *Matter of Title Guarantee & Trust Company* (195

N. Y. 339) the court said: " We are of the opinion that, considering the whole will, it was the clear intention of the testator to treat the trust fund set apart for the benefit of his wife, in the event of her death, as a part of the rest, residue and remainder of his estate, after the payment of general legacies in full. There could be no rest, residue and remainder of his estate — no real residue or fund — until that was done."

The same rule is applicable to this case. There can be no rest, residue and remainder here until the general legacies have been paid in full. The identical situation also arose in *Matter of Farmers' Loan & Trust Company* (186 App. Div. 722; modified on another point, 226 N. Y. 691). In that case there were certain trust funds which were reduced by reason of the deficiency of assets. Upon the termination of one of the trusts a question was raised as to whether the fund which was directed to form a part of the residuary estate should first be used to make up the deficiencies of the other legacies, both general cash legacies and trusts, or should pass directly to the residuary estate. The point was also made in that case that to hold that the fund should be distributed to the legatees before any part thereof was paid into the residuary estate would violate the statute against perpetuities. The court, after citing and quoting from *Matter of Title Guarantee & Trust Co.* (*supra*), stated: " The case at bar is claimed to be distinguishable from the case cited on the ground that the carrying out of this rule would in this case lead to the suspension of the power of alienation for more than two lives in being. But no such result has followed by the decree challenged by this appeal, only one of the life beneficiaries having died at the time the executor filed this account. The distribution of this $3,920 in part to other life beneficiaries to make up the deficiency in the legacies in their behalf would create only a second life estate. What should be done with such part of the fund as goes to this second life beneficiary after his or her death is not a question that arises upon this accounting."

In the face of the authority of *Matter of Farmers' Loan & Trust Company*, the contention of the special guardian on behalf of the contingent remaindermen of the residuary trust estate, as to the violation of the statute against perpetuties, must be overruled. The remainders of the trusts of $40,000 each for Adolph and Max Warschauer will pass, upon their deaths, to their children, and only in the event that either one of them dies without children does such trust fund pass to the residuary estate. In the event, therefore, that Max and Adolph die leaving children there is no violation of the statute. The violation only arises if they die without issue. In one contingency the trusts are valid, and in the other they are

invalid. But there is no necessity of passing upon that question until the contingency occurs. The legacies of the two brothers of the testator must be made good to the extent of the amount given for their benefit in trust under the will before any part of the fund in question is paid to ·the residuary estate. (*Matter of Reynolds,* 124 Misc. 435; affd., 212 N. Y. Supp. 906; *Matter of Thompson,* 126 Misc. 99.)

Submit decree construing the will and settling the account accordingly.