In the Matter of the Estate of WILLIAM DELEVAN BALDWIN, Deceased.

Surrogate's Court, Westchester County, February 24, 1941.

*Gilbert H. Montague,* for the Chase National Bank of the City of New York, as trustee, petitioner.

*Shiland, Hedges & Pelham,* for George W. Vanderhoef, Jr., and Andrew Shiland, etc.

*Russell B. Livermore,* for Roland D. and Runyon S. Baldwin.

*Crescens Hubbard,* special guardian.

MILLARD, S. By article " Ninth " of his will, this testator directed the creation of a trust for the benefit of his aunt, Carolyn Munson Marshall, sufficient to produce an annual net income of $1,500, and further directed his trustee to invade the corpus, if necessary, to make up any possible income deficiency. This article of the will further provided that " upon the death of my said aunt, or if she shall predecease me, said trust fund shall be and become a part of my residuary estate to be disposed of as hereinafter provided." The trust was set up in the sum of $37,500 pursuant to a decree of this court dated January 30, 1932, and has now been fully executed with the death of the life beneficiary on July 25, 1940.

In the petition for the judicial settlement of its accounts, the trustee has propounded two related questions with respect to the disposition of the remainder of this trust. Upon the settlement of the accounts of the executors herein, the net estate was found to be insufficient to pay all legacies and set up the trusts created under articles " Third," " Fourth," " Fifth," " Sixth " and " Seventh " of the will. Pursuant to decree dated November 8, 1935, all legacies, other than the trusts, were paid in full and the balance of the estate prorated among the various trusts created. Hence, there was no residuary estate.

The first question is whether the remainder of the trust created in article " Ninth " of the will should be used toward making

up the deficiency in the several trusts or distributed under .article " Fourteenth " as residue. My learned predecessor, Surrogate SLATER, passed upon the identical question in the same estate (*Matter of Baldwin*, 157 Misc. 692), wherein he stated (at p. 698): " The trust provided for in paragraph eighth of the will has fallen in. The question arises as to how the fund shall be disposed of — as part of the decedent's residuary estate under paragraph fourteenth, or shall it be added to the several trusts which have been decreased by prorating? The lapsed legacy must be used to make up deficiencies in the general legacies. (*Matter of Title G. & T. Co.*, 195 N. Y. 339; *Matter of Avery*, 87 Misc. 75.) In the instant case the gift is to the *residuary estate*, and not to legatees *nominatim*, as was the case in *Matter of Baker* (157 Misc. 904)." I so hold in the instant proceeding.

The second question relates to a possible violation of section 11 of the Personal Property Law by reason of the addition of a portion of the remainder in the Marshall trust to the trust created under article " Fourth " of the will for the benefit of Louise Baldwin Vanderhoef, a daughter of the decedent. Under the terms of this trust, the said daughter, who died on September 8, 1939, was given a power of appointment over one-half of the remainder. By the terms of her will, which was probated in the State of Connecticut, she purports to exercise this power of appointment to the extent of directing the fund over which she has the power to be held in trust for the life of her husband.

It is contended that this trust provision contained in the will of Louise Baldwin Vanderhoef operates to invalidate her exercise of the power of appointment in so far as it applies to the portion of the remainder of the Marshall trust payable to the trust created for her benefit. The reasoning advanced is to the effect that had Louise Baldwin Vanderhoef survived Caroline Munson Marshall, some portion of the fund held for the life of the latter might conceivably be continued in trust for three lives in being. While the courts, in *Matter of Warschauer* (136 Misc. 433; affd., 232 App. Div. 669) and *Matter of Farmers' Loan and Trust Company* (*Brundage*) (186 id. 722; affd., 226 N. Y. 691), conceded the possibility of such a question arising at some future time in the respective cases before them, the question was not decided. In any event, these cases are easily distinguishable from the one at bar.

This testator is presumed to have intended that all legacies provided for in his will would be paid in full (*Matter of Neil*, 238 N. Y. 138, 140), and that his property was sufficient to carry out his testamentary scheme. (*Matter of Title G. & T. Co.*, 195 N. Y. 339, 344, 345.) Had it been possible to fully set up the trust

for the benefit of Louise Baldwin Vanderhoef in accordance with the provisions of the will, no question could have arisen as to the possible violation of section 11 of the Personal Property Law. Reading the will of this testator and that of his daughter Louise Baldwin Vanderhoef together (*Bishop* v. *Bishop*, 257 N. Y. 40), no violation of the rule against perpetuities is discernible. The question arises only by virtue of various decisions of the court which neither this testator nor his daughter could be deemed to have contemplated. The fund which was to produce the annuity for the benefit of Caroline Munson Marshall was fixed in the sum of $37,500 pursuant to a decree of this court. This fund may be treated, in effect, as moneys borrowed for that purpose. It will now be permanently allocated in accordance with a further decree of this court. In my opinion, it was never the intention of the Legislature to have the statutory prohibition against the alienation of property for more than two lives in being applied to a situation such as here presented. I accordingly hold that Louise Baldwin Vanderhoef has validly exercised the power of appointment over the portion of the remainder of the fund held for the life of Caroline Munson Marshall and that such fund is now distributable in accordance with the provisions of the wills of William Delevan Baldwin and Louise Baldwin Vanderhoef, respectively. The will is construed accordingly.

Settle decree.