In the Matter of the Accounting of THE TITLE GUARANTEE AND TRUST COMPANY, as Trustee under the Will of ALFRED T. BAXTER, Deceased.

FREDERICK W. BAXTER et al., Appellants ; METHODIST EPISCOPAL HOSPITAL, Respondent.

**Will — construction of provisions creating a trust — distribution of residuary estate.**

A testator's intention is to be collected from the whole will taken together and not from detached portions alone.  All the parts and provisions of a will are to be construed in relation to each other, and so as, if possible, to form one consistent whole and operate together; contradictory clauses should, if possible, be reconciled accordingly.

A testator left a fund in trust, the income to be paid to his wife, and provided that on her death such fund be paid into and form part of his residuary estate.  He also provided that the several general legacies he had made, excepting therefrom the one to his wife and another, should,

in case of a deficiency in his estate, be reduced *pro rata*. The estate was insufficient to pay such legacies in full and they were so reduced. *Held*, that, considering the whole will, it was the intention of the testator to treat the trust fund set apart for the benefit of the wife, in the event of her death, as a part of the residue of his estate, only after the payment of general legacies in full, and that such trust fund must first be applied to the payment of the amount remaining due to the general legatees.

*Matter of Title Guarantee & Trust Co.*, 127 App. Div. 118, reversed.

(Argued April 26, 1909; decided May 11, 1909.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 12, 1908, which modified and affirmed as modified a decree of the Kings County Surrogate's Court settling the accounts of the trustee herein and construing the will of Alfred T. Baxter, deceased.

*George W. Robinson* for Frederick W. Baxter et al., appellants. The intention of the testator that the particular legacies provided for by him in his will should be paid in full before any payments to residuary legatees is made evident by an examination of the several clauses of his will. (*Freeman* v. *Coit*, 96 N. Y. 67; *Banzar* v. *Banzar*, 156 N. Y. 429; *Gilbert* v. *Taylor*, 76 Hun, 92; *Riker* v. *Cornwell*, 113 N. Y. 115; *Matter of Miner*, 146 N. Y. 121; *Hulin* v. *Squires*, 63 Hun, 359; *Matter of Whiting*, 33 Misc. Rep. 274.) The intention of the testator that the general legacies should be paid in full before any payment be made to the legatees named in the residuary clause of the will is made evident by an examination of the will considered as a whole. (*Tilden* v. *Green*, 130 N. Y. 51; *Morton* v. *Woodbury*, 153 N. Y. 243.)

*Albert W. Linton* for Rebecca A. Livingston et al., appellants. Residuary legatees take only after the payment of all debts, charges and general legacies. (Schouler on Wills, § 522; *Matter of Miner*, 146 N. Y. 131; *Riker* v. *Cornwell*, 113 N. Y. 115; *Wood* v. *Mitcham*, 92 N. Y. 379; *Matter of*

*Edie*, 117 App. Div. 313; *Vail* v. *Vail*, 10 Barb. 69; *Freeman* v. *Coit*, 96 N. Y. 67; *Banzar* v. *Banzar*, 156 N. Y. 429.)

*J. Harry Snook* for Mary E. Baxter et al., appellants. The paramount intention of the testator was that the general legatees should receive their legacies in full, without any deductions therefrom. (*Tilden* v. *Green*, 130 N. Y. 51; *Matter of Miner*, 146 N. Y. 121; *Hulin* v. *Squires*, 141 N. Y. 560; *Herzog* v. *T. G. & T. Co.*, 177 N. Y. 86; *Matter of Whiting*, 33 Misc. Rep. 274.) General legacies are not subordinate to residuary bequests, which can only be paid after all debts, general legacies and charges are paid. (*Langley* v. *W. T. Co.*, 180 N. Y. 326; Schouler on Wills, § 519; *Riker* v. *Cornwell*, 113 N. Y. 115; *Wetmore* v. *St. Luke's Hospital*, 56 Hun, 313; *Morton* v. *Woodbury*, 153 N. Y. 243; *Banzar* v. *Banzar*, 156 N. Y. 429; 2 Roper on Legacies, 1511.)

*George S. Ingraham, Walter H. Crittenden* and *Simeon B. Chittenden* for respondent. The entire fund of twenty thousand dollars should pass to the residuary legatees. (*U. S. Trust Co.* v. *Black*, 146 N. Y. 1; 2 Roper on Legacies, 1510, 1511.)

EDWARD T. BARTLETT, J. Alfred T. Baxter, the testator, died possessed of a large estate consisting of personal property. He bequeathed to his wife, Julia, fifteen thousand dollars, his furniture and household property and effects generally. He also bequeathed some fifteen or more general legacies to various relatives.

Then followed these provisions:

"*Eighteenth.* I give to my said Executor the sum of twenty thousand dollars in trust to keep the same invested, and to pay the net rents, issues, income and profits thereof, semi-annually, to my wife, Julia, during her life, and upon her death, it is my will that the principal of the fund so set apart in trust for her, together with any accumulated income

therefrom, that there then may be, be paid into and form a part of my residuary estate hereinafter disposed of."

"*Nineteenth.* I give to my said executor the sum of ten thousand dollars in trust, to keep the same invested, and to pay the net rents, issues, income and profits thereof, semi-annually to my adopted daughter Melanie during her life and upon her death, it is my will that the principal of the fund so set apart, in trust, for her together with any accumulated income therefrom that then there may be, be paid into and form a part of my residuary estate hereinafter disposed of."

The twenty-second paragraph states in its opening clause as follows: "All the rest, residue and remainder of my estate of whatever kind, nature and description and wheresoever situated, I give, devise and bequeath to my said executors, in trust to take possession thereof and convert the same into money and to pay over," etc.    Then follows the direction to pay over to three certain charitable societies named one-sixth part each of said proceeds and to two nephews and a brother one-sixth part each.    It is to be observed that these relatives named are also general legatees.

Down to this point we have disclosed the complete scheme of the testator, which assumed there was an estate sufficient in amount to pay general legacies, carry out the provisions of the trusts for wife and daughter and realize a surplus designated by the testator as " the rest, residue and remainder of my estate," which was to be distributed one-half to charitable societies and the balance to relatives, who were also general legatees.

The testator further provided that upon the death of his wife or daughter, the trust funds set apart for their benefit, respectively, should be a part of his residuary estate.    The testator then, as a prudent man, provided for the contingency of insufficient assets, as follows :

"*Twenty-fifth.* In case my estate proves inadequate and insufficient to meet and satisfy all the provisions, of this my will, as hereinbefore provided, then and in that case it is my will that the trust funds herein set apart for the benefit of

my adopted son, Frederick W. Baxter, and the several legacies and bequests herein made, except the provision herein made for my wife, Julia, and my adopted daughter Melanie be reduced *pro rata* and in proportion to such deficiency, if any such there be, to the end that the said reduction shall equal in the aggregate the amount of such deficiency and no more."

We have here expressed the clear direction of the testator that the several legacies and bequests he had made were to be reduced *pro rata* and in proportion to such deficiency, but that the funds set apart for the benefit of his wife and daughter should be subjected to no reduction. This is the only change made in his general testamentary scheme.

The testator's widow having died, the question was submitted to the Surrogate's Court whether the general legatees, who had not received their legacies in full, were to be paid out of the twenty thousand dollars trust fund set apart for the benefit of the wife, or whether that fund is to pass to the residuary legatees as such. The claim of the residuary legatees is based upon the closing words of the eighteenth paragraph, which provide that upon the death of testator's wife, "it is my will that the principal of the fund so set apart in trust for her, together with any accumulated income therefrom, that there then may be, be paid into and form a part of my residuary estate hereinafter disposed of."

The surrogate states in his opinion as follows: "The general principle of law is that legacies should be paid in full before any payment to the residuary legatee, and that the residuary legatee cannot call upon the general or specific legatees to make an abatement so as to share proportionately with him. If at the time of the death of the testator, his wife, for whose benefit such trust fund was created, was dead, there can be no question that such fund would have been first applied to the payment of general legacies rather than that of the residuary legacies. There is nothing to be gathered from the will of the testator as a whole which indicates any intention to conflict with this rule of law. * * * The trust fund should, therefore, be applied to the payment of the amount

due the general legatees before any portion thereof is given to the residuary legatees."

The residuary legatees appealed from the decree of the Surrogate's Court to the Appellate Division and that court modified the decree so as to direct the distribution of the fund set apart in trust for the widow of twenty thousand dollars and any accumulation of interest among the residuary legatees. The learned Appellate Division observed in its opinion that the surrogate sought to sustain his decree upon the well-settled rule that general legacies must be paid in full before there can be any payment to residuary legatees, and stated that, of course, there can be no residuary estate until the debts of the testator and the general legacies were paid, but that the question before them was purely one of construction. The opinion states: " By the said Eighteenth clause he created a trust estate of twenty thousand dollars and provided that the income should be paid to his wife for life, the remainder to ' be paid into and form part of my residuary estate hereinafter disposed of.' Had he bequeathed the remainder in express words to his residuary legatees by name, there could be no doubt of his intention. But he did that in effect, describing them as a class."

We do not agree with this construction of the will. It deals with a single isolated provision of that instrument and ignores cardinal principles of construction. The intention of the testator should be ascertained if possible from the position occupied by him at the time of executing the will, such as the condition of his family and the amount and character of his property. (Schouler on Wills [3d ed.], § 466.)

" A testator's intention is, however, to be collected from the whole will taken together, and not from detached portions alone. * * * And all the parts and provisions of a will are to be construed in relation to each other, and so as, if possible, to form one consistent whole and operate together; and contradictory clauses should, if possible, be reconciled accordingly." (Schouler on Wills [3d ed.], § 468.)

It should be assumed that the testator in framing his testa-

mentary scheme contemplated that his property was sufficient in amount to carry it out in all details. It seems perfectly clear that the testator never anticipated that the placing of these amounts in the residuary estate would, in case of insufficient assets, lead to the abatement of general legacies and the partial destruction of his main testamentary scheme.

We are of opinion that, considering the whole will, it was the clear intention of the testator to treat the trust fund set apart for the benefit of his wife, in the event of her death, as a part of the rest, residue and remainder of his estate, after the payment of general legacies in full. There could be no rest, residue and remainder of his estate — no real residuary fund — until that was done.

The question as to the rule of computing interest upon the legacies does not appear to have been considered by the Appellate Division, although it is discussed in the briefs.

We have been referred by counsel to *U. S. Trust Co.* v. *Black* (146 N. Y. 1) as a controlling authority. It has no application to this case.

The order of the Appellate Division should be reversed and the decree of the Surrogate's Court as entered before modification affirmed, with one bill of costs to the appellants represented by George W. Robinson, one bill of costs to the appellants represented by Albert W. Linton, and one bill of costs to the appellants represented by J. Harry Snook, payable out of the estate.

GRAY, HAIGHT, VANN, WERNER and CHASE, JJ., concur; WILLARD BARTLETT, J., absent.

Order reversed, etc.