In the Matter of the Construction of the Last Will and Testament of JAMES JOHNSON, Deceased.

ZINA E. TINSLEY, as Executor, etc., of NORMAN JOHNSON, Deceased, and Another, Appellants; WILLIAM JOHNSON, Respondent.

Third Department, May 6, 1925.

Wills — construction — devise of residue to wife for life with privilege to use part of principal, and of remainder to testator's heirs on wife's death, share and share alike — remainder vested, under Real Property Law, § 40, in heirs living at death of testator and not in those living at death of life tenant.

The heirs of a testator living at the time of his death, and not those living at the time of the death of the life tenant, have, under section 40 of the Real Property Law, a vested remainder, under a devise of a life estate to the wife of the testator with the privilege of using the principal, if necessary, for her support, with the remainder over as to the property not used by the life tenant, to the heirs of the testator, share and share alike, which heirs were to have no part or control during the life of the life tenant.

APPEAL by Zina E. Tinsley and another from a decree of the Surrogate's Court of the county of Schuyler, entered in the office of said Surrogate's Court on the 27th day of October, 1924, in so far as it construes the will of James Johnson, deceased.

*Olin T. Nye* [*T. Dewitt Dodson* of counsel], for the appellants.

*Harold H. Cassidy*, for the respondent.

VAN KIRK, J.:

The appeal involves the construction of one paragraph of the will of James Johnson, as follows:

" *Second.* I give, bequeath and devise the use, income and profit of all the rest, residue and remainder of my property and estate to my wife Mary Johnson during her natural life and in case that shall not furnish a sufficient and comfortable support for her then I will and direct that she may have sufficient of the principal of my property and estate to comfortably and properly support her, and at her death whatever there may then be remaining of my said estate I give and devise to my heirs share and share alike, but they are to have no part or control during the life of my wife."

No other provision of the will sheds any light upon the meaning of the paragraph to be construed.

The one question presented is when the title to the property vested; whether at the death of James Johnson, or of his wife, Mary Johnson. The surrogate has held that the property vested in those of the heirs of the testator who survived Mary Johnson. The heirs of James Johnson were brothers, sisters, nephews and a niece. Norman Johnson was a brother; this controversy arises over his share. He survived James Johnson, but died during the life of Mary Johnson, leaving his property to persons not of the blood of James Johnson. Section 40 of the Real Property Law is as follows: " When future estates are vested; when contingent. A future estate is either vested or contingent. It is vested, when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates. It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain." In *Williams* v. *Peabody* (8 Hun, 271, 272) the court quotes from Kent's Commentaries (Vol. 4, p. 203) as follows: " It is the present capacity of taking effect in possession, if the possession were to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, that distinguishes a vested from a contingent remainder." At the time of the death of James Johnson his brother Norman was living and had an immediate right of possession of the property on the death of the widow; neither " the person to whom or the event on which it is limited to take effect [is] uncertain." The real question is the intent of the testator. In our view the testator's intent is plain; he gives his property, real and personal, to his heirs, subject to the life estate of his wife; and by the expression, " what-

ever there may then be remaining of my said estate I give and devise to my heirs share and share alike," he meant his heirs who should survive him, not those of his heirs who might survive his wife. He was not influenced by the provisions of his brother's will. James Johnson died March 24, 1909, and could not have known of the provisions of his brother Norman's will, which was made in 1916. The respondent refers, as helpful to his contention, to the expression in the will, " but they are to have no part or control during the life of my wife." We think the contrary the more probable. Those who were to have no part or control are his " heirs " who are living during her life. If the remainder was not given to them he would hardly have apprehended that they would attempt to exercise control.

This conclusion is in harmony with the rules of construction adopted by the Court of Appeals. " A remainder is not to be considered as contingent in any case where it may fairly be construed to be vested, since the law favors the vesting of estates. The adverbs of time, therefore, such as *when, then, after, from* and *after,* etc., in a devise of a remainder limited upon a life estate, are construed to relate merely to the time of the enjoyment of the estate and not to the time of its vesting in interest. The law favors such a construction of a will as will avoid the disinheritance of remaindermen who may happen to die before the determination of the precedent estate." (*Connelly* v. *O'Brien,* 166 N. Y. 406, 408.) In *Nelson* v. *Russell* (135 N. Y. 137, 140) the court says: " Much stress is laid upon the words ' from and after the decease of my said daughters,' immediately preceding the words of gift of the remainder, as indicating an intention to postpone the vesting until the happening of that event. But the authorities are quite uniform that the words ' from and after ' used in a gift of remainder following a life estate, do not afford sufficient ground in themselves for adjudging that a remainder is contingent, and not vested, and unless their meaning is enlarged by the context they are regarded as defining the time of enjoyment simply, and not of vesting the title." (See, also, *Hersee* v. *Simpson,* 154 N. Y. 496; *Smith* v. *Allen,* 161 id. 478.)

The decree of the surrogate should be modified to provide as above held; and, as so modified, affirmed.

Decree modified as in the opinion stated, and as so modified unanimously affirmed, without costs.