In the Matter of the Accounting of JOSEPH T. MCNAIER, as Trustee under the Will of GEORGIANNA E. REYNOLDS, Deceased.

SHELTER FOR RESPECTABLE GIRLS et al., Appellants; LILLIAN A. LANGFORD, as Executrix of JOSEPH T. MCNAIER, Deceased, et al., Respondents.

Will — trust — remainders — preferred legacies — when direction for preference as to trust fund applies not merely to life interest but to remainder — erroneous holding that remainder passed into residuary estate.

Where, by the eighth clause of her will testatrix created a trust for the life of a named beneficiary, with remainder " to the institutions hereinafter named in clause twelfth," and, after providing for another trust, directed " said two above set forth legacies to be paid without abatement and free from all transfer or legacy taxation," the direction applies not merely to the life interests but to the remainder and upon the death of the life beneficiary under the first trust the remainder passed to the institutions named in the twelfth clause as preferred legatees. A holding, therefore, that the remainder passed into the residuary estate and is applicable to deficiencies due upon other preferred legacies is erroneous. (*Matter of Title Guarantee & Trust Co.*, 195 N. Y. 339, distinguished.)

*Matter of Reynolds*, 215 App. Div. 763, reversed.

(Argued April 6, 1926; decided May 4, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 11, 1925, which affirmed a decree of the New York County Surrogate's Court settling the accounts of a trustee.

*Fred Francis Weiss* and *John G. Pembleton* for Shelter for Respectable Girls, appellant. The interest of the Shelter for Respectable Girls (now known as Sister Catherine's Home) in the trust fund is that of a remainderman, and it is entitled to receive from the trustee one-

third of the trust fund in his hands, after allowance and payment of all proper expenses of the trust.   (2 Schouler on Wills [6th ed.], § 859; *Matter of Buechner*, 226 N. Y. 440; *Banzer* v. *Banzer*, 156 N. Y. 429.)

*Dana R. Koons* and *Samuel H. Ordway* for Reynolds Memorial Training School for Nurses et al., appellants. The intention of the testatrix as plainly expressed in her will is that the institutions named in clause twelfth thereof take the principal of this trust fund absolutely upon the death of the life tenant Mary C. Schulze, together with all income undisposed of by said Mary C. Schulze at the time of her death.   (*Matter of Miner*, 146 N. Y. 121; *Matter of Buechner*, 226 N. Y. 440; *Matter of Bump*, 234 N. Y. 60; *Matter of Merrill*, 208 App. Div. 649, 650; 2 Schouler on Wills [6th ed.], § 859; *Matter of Embree*, 9 App. Div. 602; 154 N. Y. 778; *Campbell* v. *Stokes*, 142 N. Y. 23; *Trunkey* v. *Van Sant*, 176 N. Y. 535; *Freeman* v. *Coit*, 96 N. Y. 63; *Banzer* v. *Banzer*, 156 N. Y. 429; *Tillman* v. *Ogren*, 227 N. Y. 495.)

*George Zabriskie* and *George Gray Zabriskie* for Calvary Episcopal Church et al., respondents. The gift in the eighth clause of the will was to the appellants in their capacity as residuary legatees, and as such they cannot take until all legacies heretofore abated are paid.   (*Matter of Title Guarantee & Trust Co.*, 195 N. Y. 339; *Matter of Lyne's Estate*, L. R. [8 Eq.] 482; *Bliven* v. *Seymour*, 88 N. Y. 469; *Matter of Werner*, 125 App. Div. 358; 193 N. Y. 672; *Trunkey* v. *Van Sant*, 176 N. Y. 535; Jessup-Redfield on Surr. [2d ed.] § 919; *Doughty* v. *Stilwell*, 1 Bradf. 300; *Smith* v. *Lansing*, 24 Misc. Rep. 566; *Matter of Baer*, 147 N. Y. 348; *Matter of Paulis*, 220 N. Y. 196; *Matter of Buechner*, 226 N. Y. 440.)

*George B. Brooks* for St. Luke's Home for Aged Women, respondent. The construction placed upon the eighth clause of decedent's will by the court below is in accord

with the general scheme thereof and should be followed. (*Matter of Title Guarantee & Trust Co.*, 195 N. Y. 339; *United States Trust Co.* v. *Black*, 146 N. Y. 1.)

*William K. Hartpence* and *Charles A. Runk* for Rector, Church Wardens and Vestrymen of All Angels Protestant Episcopal Church, respondents. The clear intention of the testatrix as gathered from her entire will, was that the general legatees, preferred or otherwise, should be paid in full before any payments whatever were made to the legatees mentioned in the residuary clause of her will. (*Matter of Title Guarantee & Trust Co.*, 195 N. Y. 339.)

CRANE, J. In this proceeding to settle the account of Joseph T. McNaier, as sole surviving testamentary trustee of the trust created in the will of Georgianna Emily Reynolds, for the benefit of Mary C. Schulze, it has been necessary to construe certain provisions of that will relating to the remainder of the trust.

Georgianna Emily Reynolds died in the city of New York on or about the ninth day of December, 1917, leaving a last will and testament, dated May 30, 1917, which was duly admitted to probate on the 22d of May, 1918. In and by said will the testatrix made the following disposition:

"*Eighth.* I give and bequeath to my Executors hereinafter named, their successor or successors, survivor or survivors, the sum Twenty thousand ($20,000) Dollars, to be held by them in trust, to invest the same and to collect and receive the interest and income thereof and after deducting all lawful charges and expenses to pay the net income thereof to said Mary C. Schulze, nee Codington, for and during the term of her natural life, and at and upon her death to convey, transfer and deliver said principal sum of Twenty thousand ($20,000) Dollars, with all interest and income undisposed of by her at the time

[242 N. Y. 389]          Opinion, per CRANE, J.          [May,

of her death, to the Institutions hereinafter named in Clause Twelfth of this my said Last Will and Testament.

"*Twelfth.* All the rest, residue and remainder of my estate, real, personal and mixed, of any and every kind and nature whatsoever, and wheresoever the same may be situate, whether legal or equitable, I give, bequeath and devise to the following named charities, to be equally divided between them, share and share alike, namely, To the said Shelter for Respectable Girls; To the Missionary Work in charge of Archdeacon Spurr at Moundsville, West Virginia, endorsed by the Rt. Rev. George W. Peterkin, Bishop of West Virginia and the Rt. Rev. W. L. Cravatt of Charleston, West Virginia; and to the work among the colored people of Archdeacon Russell. All these charities being under the supervision of the Protestant Episcopal Church in America."

The Shelter for Respectable Girls is also known as Sister Catherine's Home.

The missionary work in charge of Archdeacon Spurr of Moundsville, West Virginia, is The Reynolds Memorial Training School for Nurses and The Sheltering Arms Hospital.

The work among the colored people of Archdeacon Russell is the St. Paul Normal and Industrial School of Lawrenceville, Virginia.

The testatrix attempted to give away more property than she had, in consequence of which some of the legacies had to abate. She provided for cash legacies amounting to $60,100. Of these legacies, $50,600, including the trust fund of $20,000 under the above clause of the will, were directed to be paid without abatement, and free from all transfer tax. As to the remaining $9,500 of legacies, the testatrix used no such preferential language.

On a prior accounting of the executors of this will it appeared that all the legacies could not be paid in full, and the decree in that proceeding provided that the legacies in which no preferential language was used should

abate entirely, and that the remaining legacies in connection with which the preferential language was used, including the trust fund of $20,000, should share *pro rata* in the assets. The total amount by which the legacies, other than this trust fund abated, was $15,920. Nothing was distributed under the residuary clause of the will.

The trust fund for Mary C. Schulze on abatement amounted to $15,720, which is now the subject of disposition upon this accounting, as Mary C. Schulze departed this life on June 23, 1924.

The courts below have decided that the remainder of the trust fund for Mary C. Schulze passed into the residuary estate, and that under *Matter of Title Guarantee & Trust Co. (Will of Alfred T. Baxter)*, 195 N. Y. 339, this residuary estate is applicable to the deficiencies due upon the preferred legacies; that the $15,720 must be paid proportionately to the preferred legatees, whose legacies have not been paid in full.

The three legatees mentioned in the " twelfth " clause of the will are appellants here from this disposition by the courts below, insisting that they take not as residuary legatees, but as preferred legatees under the " eighth " clause of the will, the same as they would have taken if they had been specifically named in the " eighth " clause.

We think the appellants are right in this contention. The distinction between this case and the *Baxter* case in 195 N. Y. is vital and determinative. The gift of the remainder in that case was to the residuary estate. The gift of the principal of the Schulze trust in this case is not to the residuary estate, but to certain specified legatees. The fact that they are specified in the " twelfth " clause instead of in the " eighth " clause does not change the result. The will reads: " and at and upon her death to convey, transfer and deliver said principal sum of Twenty thousand ($20,000) Dollars, * * * to the Institutions hereinafter named in Clause Twelfth." This is the same as saying " To transfer and

deliver said principal sum of $20,000 to The Shelter for Respectable Girls, to the Missionary work in charge of Archdeacon Spurr at Moundsville, West Virginia, and to the work among the colored people of Archdeacon Russell."

This gift of the remainder to these three institutions was also made a preferred legacy, to be treated upon the same terms of equality with the other preferred legacies. It has already been so treated by a reduction from $20,000 to $15,720. In clause " eighth," following the quotation above given, there is another trust created for the life of one Henrietta F. Du Pont Lyon, and then clause " eighth " ends with this sentence: " Said two above set forth legacies to be paid without abatement and free from all transfer or legacy taxation." This sentence applies not merely to the life interests, but also to the remainders.

We, therefore, conclude that the remainder of the trust for Mary C. Schulze, under the " eighth " clause of the will passed to the three institutions named in the " twelfth " clause as preferred legatees, to be treated in the same way as were the other preferred legatees, and that in consequence the $15,720 is payable to the three appellants.

The order of the Appellate Division and the decree of the surrogate should, therefore, be reversed, and the matter remitted to the Surrogate's Court to proceed in accordance with this opinion, with a separate bill of costs in all courts to each appellant filing a separate brief in this court payable out of the fund.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN and LEHMAN, JJ., concur; ANDREWS, J., not voting.

Ordered accordingly.