In the Matter of the Estate of FRED C. WERNER, Deceased.

Surrogate's Court, Lewis County, April 1, 1938.

*Smith, Carnell & Egloff*, for John Zecher and George R. Werner, as executors, etc.

*George Kohn*, for Anna Werner, widow of Frank Werner, deceased.

MORAN, S. The executors and trustees of the last will and testament of the above-named decedent have petitioned this court for an accounting and judicial settlement of their accounts and a construction of the will is requested for the determination of the

fourth paragraph thereof, as to whether or not the bequest of $1,000 to Frank Werner vested or was contingent upon his survival of Minnie Werner.

The decedent died on March 27, 1930, testate. His will was probated in this court, by the terms of which the decedent first gave to his wife the sum of $2,000. The third paragraph of his will reads: " *Third.* I give, devise and bequeath to my wife, Minnie Werner, during the term of her natural life, the use and control, with the right to sell and convey, of all my property real and personal, of every name and nature, with the right to use such part of the principal as may be required in case of necessity." The fourth clause reads: " *Fourth.* At and immediately upon the death of my wife I give and bequeath to Frank Werner of Remsen, N. Y. the sum of One thousand dollars ($1,000.00)." The sixth clause reads: " *Sixth.* At the death of my wife, I direct that her funeral expenses be paid and what remains of my property be divided into two equal parts, " etc.

Minnie Werner, the widow, survived the testator, and letters testamentary were issued to John Zecher and Minnie Werner, executors. Thereafter and on September 9, 1936, Minnie Werner died and letters testamentary were issued to George R. Werner on June 3, 1937, to act jointly with John Zecher, the surviving executor.

Frank Werner, the legatee named in the fourth paragraph of decedent's will, when a young child was taken into the home of decedent and his wife and brought up as their own child, however, he was never legally adopted. He died in the fall of 1935, subsequent to the death of the testator but prior to the death of the life tenant, and the bequest to him in the fourth paragraph of decedent's will is for which a determination is sought.

It is a cardinal principle in construction of wills that testator's intent shall be given effect if ascertainable. (*Matter of Silsby*, 229 N. Y. 396, 402.)

A testator's intention is to be collected from the whole will taken together, not from detached portions alone. (*Matter of Title G. & T. Co.*, 195 N. Y. 339, 344.)

With these two principles in mind, the intention of the testator herein under the third paragraph of his will was to give to Minnie Werner, his widow, the life use of his property after allowing for the separate bequest to her, with an invasion of the principal in case of necessity.

The bequest to Frank Werner was absolute, subject to being defeated by a necessity requiring the use of all of the principal by the life tenant, which it is evident the testator did not intend to

happen because the sixth paragraph of the will specifically disposed of " what remains of my property."

The remainderman was certain, as was also the amount of the bequest. In other words, there was a person in being at the time of the death of the testator who would have an immediate right to the possession of the bequest on the termination of the intermediate estate. (Real Prop. Law, § 40.)

The words, " At and immediately upon the death of my wife " do not speak of the time of vesting of the property, but speak of the time when the enjoyment of the estate is to take effect. ( *Nelson* v. *Russell*, 135 N. Y. 137; *Hersee* v. *Simpson*, 154 id. 496.)

" Where a contrary intention is not manifested in the will it is a settled rule of construction that if futurity is annexed to the substance of the gift, the vesting of title is suspended, but if the gift is absolute and the time for payment only is postponed the gift is not suspended, but the title vests at once." (*Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573, 582.)

The law favors such construction of a will as will avoid the disinheritance of remaindermen who may happen to die before the termination of the precedent estate. (*Connelly* v. *O'Brien*, 166 N.Y. 406, 408; *Nelson* v. *Russell*, 135 id. 137, 140; *Matter of Johnson*, 212 App. Div. 768, at p. 770.)

The wording of the wills in the cases of *Matter of Dinkel* (133 Misc. 868) and *Matter of Nugent* (142 id. 594) conferred more than the life use to the widow and the wording in those wills was more than a life use with right to invade in case of necessity. The will here seems to be very similar to the will involved in *Matter of Johnson* (212 App. Div. 768).

I, therefore, hold that the bequest to Frank Werner under the fourth paragraph of decedent's will became vested on the death of the testator.

Let decree be entered accordingly.