In the Matter of the Estate of Morris Meiselman, Deceased.

Surrogate's Court, Kings County, August 22, 1941.

*Abraham J. Gellinoff* and *William Weintraub*, for the executors, petitioners.

*Leon Fischbein*, for Mamie Mailman, life tenant of trust, objectant.

*Moss & Wels*, for Isidor Wels, trustee of trust for benefit of Mamie Mailman, objectant.

*Abraham Tannenbaum*, for the Jewish Consumptives' Relief Society of Denver, Colorado, Inc., remainderman.

WINGATE, S. In so far as its terms are material for present consideration, the will directed the erection of three trusts respectively for the testator's wife and two sisters and made a number of outright bequests. It thereupon provided in its " fifteenth " item: " After my executors and trustees shall have set apart the necessary cash or property for the creation of the trusts   \*   \*   \* and shall have paid or provided for the payment of the legacies and other charges as set forth in the preceding paragraphs, I give and bequeath:" then follow thirty-four general charitable gifts aggregating $179,000, in varying sums, to as many religious and eleemosynary institutions. The item further provided that in the event that the funds remaining in the hands of the fiduciaries after paying or providing for the gifts previously made should total less than the aggregate of these thirty-four gifts, the latter should abate *pro rata*, whereas, if it should exceed such sum, they should be ratably increased. It further directed that the remainders of the three trusts should be distributed in accordance with the directions of this item upon their respective terminations. No subsequent residuary direction was included in the will and it is wholly obvious that this " fifteenth " item was intended, and was effective, as a disposition of the residue of the estate.

Unfortunately the available assets have fallen far short of the total necessary to effectuate all of the testator's desired donations. This condition has been accentuated by the fact that the executors, in a mistaken anticipation that the available assets would be ample, paid out some $25,000 to certain of the residuary donees before making provision for the erection of the preferred trusts. Since no complaint appears to have been directed against their action in this regard, the present situation, so far as the preferred donees is concerned, is precisely the same as if the total originally available assets of the estate had initially been deficient by this additional sum.

The trust for the widow was erected in a reduced amount which was acceptable to her, the several outright general legacies were paid, and the remaining assets of the estate were held *in solido* in primary satisfaction of the two trust gifts for the sisters of the testator. They were inadequate in the aggregate to accomplish satisfaction of these gifts in full. One of the sisters has now died and the issue is presented as to whether the portion of the retained assets properly attributable to her trust should be distributed among the residuary charities or should be added to the trust for the surviving sister in an amount sufficient to bring its principal up to the total originally stipulated in the will.

The learned referee has adopted the former conclusion. The trustee and the disappointed sister complain at this result. The charities in whose favor the referee has reported have taken no position in the controversy.

Neither the learned referee nor those opposing his conclusion cite any authority as controlling in the situation disclosed; indeed the latter assert that the situation is without precedent or probable future occurrence. Both have apparently overlooked the principle enunciated in *Matter of Title Guarantee and Trust Company* (195 N. Y. 339, 344) and applied on numerous subsequent occasions (*Matter of Reynolds*, 242 N. Y. 389; *Matter of Smallman*, 138 Misc. 889, 913; *Matter of Clark*, 166 id. 909, 919; *Matter of Baldwin*, 175 id. 986, 988, and see Butler, N. Y. Surrogate Law & Practice, § 2137) that a gift of a trust remainder to the residuary estate cannot become effective until all prior donations made by the will have been paid in full. To effectuate the result recommended by the referee would violate this principle and would obviously subvert the intention of the testator which was that the residuary donees should share in his property only after the gifts to those having preferred claims upon his affectionate regard should have been satisfied in full.

It follows that the result of the learned referee will be modified to the extent of a direction that the available assets remaining in the hands of the accountants will, to the extent necessary to effect complete solution, be paid into the trust for the testator's surviving sister. In all other respects, the recommendations of his report, as modified by his supplemental report, will be confirmed.

Enter decree on notice in conformity herewith.