In the Matter of the Accounting of WASHINGTON COUNTY NATIONAL BANK OF GRANVILLE, as Trustee under the Will of ELLEN J. L. W. PEMBER, Deceased.

Surrogate's Court, Washington County, April 19, 1945.

*Clark, Coughlan & Imrie* for Washington County National Bank, administrator *c. t. a.* and substituted trustee, petitioner.

*S. E. Everts* for Addie Potter, as life beneficiary, and others, respondents.

*Jacob M. Frankel* and *James C. Cooper* for Caroline J. Yanney, individually and as administratrix of the estate of Ann E. Lee, and others, respondents.

*Edward R. Waite,* special guardian.

*McPhillips, Fitzgerald & McCarthy* for Village of Granville, respondent.

*Albert Berkowitz* for the Pember Library and Museum and another, respondents.

*F. Arthur Howland* for Marca Pember, respondent.

DEWELL, S. Ellen J. L. W. Pember died February 18, 1924, leaving a last will and testament admitted to probate by the Surrogate's Court of Washington County on June 23, 1924. In January, 1926, the executors completed and filed an inventory which was made as of the date of death and showed $545,170.29 in personal property and $28,000 in real estate. It is undisputed that the estate left by the deceased greatly exceeded all bequests and trusts, of which there were a considerable number, provided for in the will.

Over a long period of years after the death of the deceased, however, the original executors and trustees failed to use reasonable diligence and prudence in the care and management of the estate. Without sanction of the court but entirely of their own volition they paid over to the Village of Granville approximately $200,000 which was used toward the construction of a sewer system for the village. The depression struck, and it became apparent that the funds in the estate were no longer sufficient to pay the various legacies and establish the various trusts in full. As a consequence, all parties interested and all represented by counsel determined to salvage what remained and did so through proceedings in this court, and as a result the executors were removed and surcharged on their accounts, and the Washington County National Bank of Granville was then appointed administrator *c. t. a.* and subsequently, substituted trustee.

As soon as the estate was in a condition to do so, the Washington County National Bank as administrator *c. t. a.* was directed by decree to pay over to itself as trustee out of the estate funds in its hands, and to set up the trusts created by the will, to the extent of 60% thereof, and by a later decree 6% was added to each of the trust funds so that each of the trusts was set up to the extent of 66% of the amount provided in the will.

Under paragraph "Seventeenth" of the will the deceased bequeathed the sum of $10,000 to her trustees in trust nevertheless for the benefit of Alice Gray of Isabelle, Oklahoma, and to pay the interest and income from said sum to the said Alice Gray during the term of her natural life. This provision in the will contained the following additional language: "After the death of the said Alice Gray, the said sum of $10,000.00 shall revert to and become a part of my residuary estate, and shall be disposed of in accordance with the terms and conditions of this my Last Will and Testament referring to such residuary estate."

The "Seventieth" paragraph of the will provided: "All the rest, residue and remainder of my property and estate, of whatever nature and wherever situated, including the legacies and bequests, if any, hereinbefore bequeathed or set apart which for any reason, shall or may lapse or be unclaimed within the period herein limited for the payment thereof, I give, devise and bequeath to the said Franklin T. Pember, Hiram J. Stevens, Floyd E. Cole, John H. Pember and Fred W. Hewitt, in trust nevertheless, and upon the trust, and for the uses and purposes following, to-wit: That the said Franklin T. Pember, Hiram J. Stevens, Floyd E. Cole, John H. Pember and Fred W. Hewitt and their successors in trust duly appointed and qualified as herein provided, shall hold, invest and at such times as may be proper and necessary reinvest the same, and use, expend and apply the interest and income therefrom annually, for the benefit, improvement, upbuilding and welfare of the incorporated village of Granville, New York, in such manner and for such purposes, as to the said Franklin T. Pember, Hiram J. Stevens, Floyd E. Cole, John H. Pember and Fred W. Hewitt, and when that event shall come to pass their successors in trust, shall seem to be for the best interest, welfare and improvement of the said village of Granville."

The Alice Gray trust among others was set up to the extent of 66% of its amount. Alice Gray, the life beneficiary of the trust, died March 11, 1944, and the trustee has petitioned for a settlement of its accounts as substituted trustee of said trust fund and has asked for directions as to who is entitled to the remainder of the principal thereof.

The Village of Granville has filed an answer asserting that it is the sole remainderman of said trust fund. On the other hand, the beneficiaries of other trusts claim that the remainder of this particular fund is to be treated as undistributed assets

and applicable to distribution to the remaining trust funds until the latter are increased to the amounts specified in the will.

The question therefore arises as to who is entitled to the fund. In the briefs of counsel no case exactly in point has been cited. In *Matter of Smallman* (138 Misc. 889) the estate from the beginning was insufficient to meet the various bequests. There was a similar situation in *Matter of Title G. & T. Co.* (195 N. Y. 339). In the immediate case, however, there were adequate funds to meet all bequests and to establish the various trusts in full. The original executors, contrary to the will and to the law, embarked on a course which was calculated to and actually did deplete the estate. As a result the intentions of the testatrix could never be fully realized. When the time came, however, to establish these trusts it was done with the complete acquiescence of all parties interested in the estate, and no appeal was taken from any of the decrees. It would, therefore, seem that those parties interested who now claim that this fund should be distributed to the remaining trusts are estopped, at least so far as this particular fund is concerned. If such were not the case the rule against perpetuities (Personal Property Law, § 11) would be violated as there are other trusts under the will for two lives and to distribute this fund to them would suspend the alienation thereof for more than the statutory limit.

The question, however, is a close one and the decisions of the Court of Appeals in the *Matter of Title G. & T. Co.* (195 N. Y. 339, *supra*) and *Matter of Reynolds* (242 N. Y. 389) have been carefully studied. In the light of the latter decision the argument of counsel for the Village, that this trust fund having been set up is earmarked, and that the testatrix' intention was that after the life estate it should pass directly to the Village as the remainderman thereof, seems to be the sounder view.

It is, therefore, decided that the fund in question passed to the substituted trustee for the benefit of the Village of Granville as the remainderman thereof, and a decree in accordance herewith may be entered.