In the Matter of the Accounting of Geneva Trust Company, as Executor of Margaret A. Howard, Deceased.

Surrogate's Court, Ontario County, October 31, 1945.

*C. Willard Rice* for accountant, petitioner.

*George I. Teter,* special guardian for David P. Phillips and another, legatees.

*Thomas J. Cleere* for Sam Rizzo, legatee.

*M. Maurice Chacchia* for Helen M. Toole and another, legatees.

*Lansing S. Hoskins* for Geneva General Hospital, legatee.

*Wells W. Parker* for D. Harvey Phillips, residuary legatee.

*Bliss & Bliss* for Mabelle U. Taylor and another, residuary legatees.

HENRY, S. Objections to the account filed herein require a construction of the following provisions of decedent's will: " TWELFTH. I give and bequeath unto my trustee hereinafter named the sum of Fifteen Thousand Dollars ($15,000.00) IN TRUST, however, to invest the same and keep the same invested and collect and receive the proceeds and income therefrom and to pay the same over unto my sisters-in-law, Mary Howard and Lucy Howard, of Hagarstown, Maryland, in equal shares for and during the term of their natural lives and the life of the survivor. Upon the death of either I·direct that the entire income shall be paid to the survivor during her lifetime.

" Upon the death of both of the beneficiaries above named, the principal of said fund shall fall into and become a part of the residue of my estate and be disposed of as hereinafter provided for the disposition of said residue.

" THIRTEENTH. I give and bequeath unto my trustee hereinafter named the sum of Twenty-five Thousand Dollars ($25,-000.00) IN TRUST, however, to invest the same and keep the same invested and collect and receive the proceeds and income therefrom and pay the same over unto my aunt, Mrs. Anna Cochran, of Bolivar, New York, for and during the term of her natural life. Upon the death of my said aunt or upon my death if she shall predecease me, the said sum of Twenty-five Thousand Dollars ($25,000.00) shall fall into and become a part of the residue of my estate to be disposed of as hereinafter provided for the disposition of said residue."

" TWENTY-FOURTH. All the rest, residue and remainder of my property and estate, including the principal of the trusts created in and by the Twelfth and Thirteenth paragraphs hereof when the same shall terminate, I give and bequeath as follows: Unto my nephew, D. Harvey Phillips, one-fifth (⅕) part thereof. Unto my cousin, Mabelle U. Taylor, one-fifth (⅕) part thereof. Unto my cousin, Fred Urban, one-fifth (⅕) part thereof. Unto my cousin, Frank Urban, one-fifth (⅕) part thereof. Unto James Johnston, son of my deceased cousin, Jessie U. Johnston, one-tenth (1/10) part thereof. Unto Charles Johnston, son of

my deceased cousin, Jessie U. Johnston, one-tenth (1/10) part thereof.''

The estate has been liquidated. There is not enough money in the accountant's hands to pay general legacies in full. The life beneficiary of the trust created by the '' Thirteenth '' paragraph of the will survived the testator and died thereafter. One of the life beneficiaries of the trust created by the '' Twelfth '' paragraph of the will is living and the trustee has received and is administering a part of that trust, and will be entitled to receive its proper prorata share with general legatees from the balance now available for distribution.

Pursuant to a decree in a previous accounting a partial payment of the general legacies was made to legatees including such a payment to the trustee of the trust created by the '' Twelfth '' paragraph of the will and also to the persons named in the '' Twenty-fourth '' paragraph of the will as remaindermen of the trust created by the '' Thirteenth '' paragraph of the will.

It is now contended by certain of the general legatees that the remainders of such trusts should not be paid to said residuary legatees but should be paid to the general legatees to apply on their legacies, which cannot be paid in full.

The question to be determined is whether the remainder is given to the persons named in the residuary clause of the will as in *Matter of Reynolds* (242 N. Y. 389) or is to be paid into and form a part of the residuary estate as in *Matter of Title G. & T. Co.* (195 N. Y. 339).

I am of the opinion that the latter case is controlling here. The words '' fall into and become a part of the residue of my estate '' used in the '' Twelfth '' and '' Thirteenth '' paragraphs of the decedent's will cannot be construed as being a gift of the remainders to specified legatees. I do not think that the use in the residuary clause of the words '' including the principal of the trust created in and by the Twelfth and Thirteenth paragraphs hereof when the same shall terminate '' created demonstrative legacies as to such remainders. That provision consistent as it is with the above-quoted provisions contained in the twelfth and thirteenth paragraphs of the will does not change the effect of the provisions of the previous paragraphs but reiterates them. I conclude that the general legatees rather than the persons named as residuary legatees are entitled to share in the remainders of said trusts.

It is also contended by said legatees that the decree of this court entered July 16, 1941, should be vacated and a decree

entered directing Harvey Phillips, Mabelle U. Taylor, Frank Urban, Frank Urban, as administrator of the estate of Fred A. Urban, deceased, and Charles Johnston to repay to the accountant the amounts received by them as remaindermen of said trust as directed by said decree.

It appears that when said decree was entered the court had jurisdiction of all necessary parties. They were all bound by the provisions of that decree and none of them appealed from it. The court then recognized the possibility of a deficiency of assets and in its decision filed July 16, 1941, stated " apparently the estate will not be sufficient for the payment of the legacies and the creation of the trusts in the full amounts specified in the will."

No fraud, newly discovered evidence, clerical error or other sufficient cause being shown, I have no power to vacate the decree. (*Matter of Conolly,* 266 App. Div. 333, 335.) The application to vacate the decree entered July 16, 1941, is denied.

Let a decree be entered accordingly.