Maximilian Moss, S.
The petition seeks a construction of articles “ Sixth ”, “ Seventh ” and “ Eighth ” of the testator’s will. By the terms of the “ Sixth ” article the testator did “give and bequeath the real property No. 416-13th Street * * * to Deborah L. Nellis and Alice Nellis * * * during their natural lives.” There is no specific disposition therein made of the remainder after the termination of the said life estates. Articles “ Seventh ” and “ Eighth ” are both in form residuary clauses. The former article provided that “ all the rest, residue and remainder of the estate ” including the proceeds from jewelry mentioned in a prior paragraph are given to his executor in trust. The residuary fund is divided into two equal parts, one of which is the “ Orrell ” fund and the other the “ Nellis ” fund. The “ Orrell ” fund is again divided into two parts, one of which is bequeathed to a son and his wife outright. No problem is created as to this portion of the trust. The income of the second half of such fund is required to be paid to Lorna Orrell for life and the remainder then distributed to designated beneficiaries. The “ Nellis ” fund is divided into three equal parts to be invested and the income of two parts thereof paid to Deborah L. Nellis and Alice L. Nellis during their joint lives and the income of the remaining part is payable to Leula L. Nellis for her life. As in article “ Sixth ” where no disposition is made of the residuary, this article similarly makes no disposition of the “ Nellis ” trust remainder.
Article “Eighth” disposes of all the rest, residue and remainder of the estate, which the testator did “ give, devise *342 and bequeath ” to a designated church, mission and children’s home in equal shares.
At first impression it would appear that the latter article was an attempted disposition of a residue of a residue. However, reading the will in its entirety and analyzing its provisions the testamentary intent is reasonably clear. The testator’s intention collected from the whole will taken together and not from detached portions alone, together with all the parts construed in relation to each other, forms one consistent whole and makes the two residuary clauses reconcilable. (Matter of Title Guar. & Trust Co., 195 N. Y. 339, 344.) The failure to dispose of the said remainders as indicated may not be attributed to oversight or lack of understanding of the manner in which it might be accomplished, since the testator was an attorney with considerable practice in wills and Surrogate’s Court proceedings, and to whom may be attributed a significance of usages and terminology of the law of wills (Matter of Morgan, 193 Misc. 405, 408). That he was aware that he did not make specific disposition of the remainder interests in articles “ Sixth” and “ Seventh” of the real property in which he had given life interests and of the “ Nellis ” trust fund is borne out by the fact that in article ‘‘ Seventh ’ ’ in creating the trust for the benefit of Loma Orrell for her life he did make specific disposition of the remainder of the trust fund. His reason for and intent in treating of “All the rest, residue and remainder of my estate ’ ’ in article ‘ ‘ Eighth ’ ’ then becomes clear. By its provisions he intended to and did supply an omnibus provision to complete his testamentary plan and make distribution of such parts of his property and estate which he had not otherwise effectively provided. This would and does include disposition of the remainder interests in the real property in article “ Sixth ” and in the “ Nellis ” trust fund in article “ Seventh ”. The will is so construed. In arriving at its determination the court has likewise considered that, if the residual provisions of article “ Seventh ” be held dispositive of the undisposed remainder of the real estate mentioned in article “ Sixth ” there would be created unlawful suspensions violative of the rule against perpetuities (Real Property Law, § 42; Personal Property Law, § 11) and intestacy by the creation of a “ residue of a residue” of the “Nellis” remainder (Wright v. Wright, 225 N„ Y. 329; Dougherty v. Thompson, 167 N. Y. 472).
The special guardian urges that article “ Seventh ” contemplated the inclusion of the remainder of the real property therein, since the word “ devise ” is used in the residual gift. His learned report fails to consider that in article “ Sixth ” the *343 words “ give and bequeath ” are used to dispose of real property, thus indicating that the testator attached no significance to the use of the word “ devise.” Where inaccurate language is used, such language is subordinated to the intention (Roe v. Vingut, 117 N. Y. 204). Settle decree on notice.