Laurence D. Wood, S.
The decedent died on June 6, 1957, a resident of the County of Onondaga, and his last will and testament was duly admitted to probate by this court on June 26, 1958.
*344 By paragraphs ££ first ” through “ ninth ” inclusive of his will, decedent bequeathed specific articles of tangible personal property to specific named legatees.
Paragraph “ tenth ” of decedent’s will constitutes the exercise by him of a power of appointment given to him by an earlier trust deed.
Paragraphs “ eleventh ” and “ twelfth ” of decedent’s will are as follows:
£ ‘ eleventh : My executors shall set aside out of my estate such amount as in their judgment shall be sufficient to yield an income of Twelve Hundred Dollars ($1200) a year, and I give, devise and bequeath the same to the Trustees hereinafter named, in trust, nevertheless, to hold, manage, invest and reinvest the same, to collect the income and out of the net income, and if the net income is insufficient then out of the principal, to pay to donald jacobus on the first day of each calendar month the sum of One Hundred Dollars ($100) during his life. Upon the death of the said Donald Jacobus, the principal of the trust fund then remaining in the hands of the Trustees, or upon my death if the said Donald Jacobus does not survive me the principal of the trust fund, shall be held in trust by my Trustees, and I direct my Trustees to manage, invest and reinvest the same, to collect the income, and to pay over the net income to henry d. lenison during his life, and upon his death, or upon the death of the survivor of the said Donald Jacobus and myself if the said Henry D. Denison is not then living, to convey, transfer and pay over the principal in equal shares to Henrietta lenison and jane cronk. If either the said Henrietta Denison or Jane Cronk predeceases me, I give and bequeath her share of the said property to her descendants me surviving, in equal shares per stirpes, or, if there shall be no such descendants me surviving, to the other of the said Henrietta Denison or Jane Cronk or, if she does not survive me, to her descendants me surviving, in equal shares per stirpes. During the life of Donald Jacobus any income in excess of that necessary to provide the said payments of One Hundred Dollars ($100) a month to him shall be paid over to Henry D. Denison, or, if he is not living, in equal shares to Henrietta Denison and Jane Cronk, or, if only one of them is living, to such survivor.
£ £ twelfth : All the rest, residue and remainder of my property and estate, both real and personal, of whatsoever kind and wheresoever situated, of which I shall die seized or pos *345 sessed or of which I shall he entitled to dispose at the time of my death, except the said property held under the said Deed of Trust made by and between Melissa M. Denison and Frederick W. Barker dated the 5th day of June, 1913, over which I have a power of appointment, I give, devise and bequeath to the Trustees hereinafter named, in trust, nevertheless, to hold, manage, invest and reinvest the same, to collect the income and to pay over the net income to eranciska henninger during her life. If in any year the net income is less than Thirty-six Hundred Dollars ($3600), I direct the Trustees to pay to the said Franciska Henninger out of the principal of the trust an amount which, together with the net income in such year, shall equal the sum of Thirty-six Hundred Dollars ($3600). Upon the death of the said Franciska Henninger, or upon my death if she does not survive me, if her nephew, Theodore Henninger, is then living, I direct the Trustees of the said trust or my Executors, as the case may be, to set aside such amount as in their judgment shall be sufficient to yield an income of Twelve Hundred Dollars ($1200) a year, and I give, devise and bequeath the same to the Trustees hereinafter named, in trust, nevertheless, to hold, manage, invest and reinvest the same, to collect the income and out of the net income, and if the net income is insufficient then out of the principal, to pay to the said Theodore henninger on the first day of each calendar month the sum of One Hundred Dollars ($100) during his life. Upon the death of the said Franciska Henninger, or upon my death if she does not survive me, I give, devise and bequeath the remaining portion of the principal of the said trust for her benefit or of my residuary estate as the ease may be, or the whole thereof if the said Theodore Henninger is not then living, and I also give, devise and bequeath the principal of the said trust for Theodore Henninger upon his death, in equal shares, to jane cronk and doctor henry shanklin dunning. If either the said Jane Cronk or Doctor Henry Shanklin Dunning is not then living, I give, devise and bequeath her or his share of the said property to her or his descendants then living, in equal shares per stirpes or, if there shall be no such descendant then living, to the other of the said Jane Cronk and Doctor Henry Shanklin Dunning, or, if she or he is not then living, to her or his descendants then living, in equal shares per stirpes.
“ I authorize and empower my Trustees, in their sole discretion, at any time and from time to time, to pay to the said *346 Franciska Henninger out of the principal of the said trust such sum or sums as they may deem necessary for her proper care, comfort and support.
‘ ‘ During the life of Theodore Henninger any income in excess of that necessary to provide the said payments of One Hundred Dollars ($100) a month to him shall be paid over to Henry D. Denison, or, if he is not living, in equal shares to Henrietta Denison and Jane Cronk, or, if only one of them is living, to such survivor.”
It would appear from the account of the administrator with the will annexed, filed with the petition for judicial settlement of its accounts herein, that if the trust set up by paragraph ‘ * eleventh 5 ? of the will is fully funded, that there will probably be little or no assets of the estate left to fund the trust created by paragraph “twelfth” of the will, and the administrator c, t. a., therefore, asks for a construction of the will (1) as to whether or not the trust created by paragraph “eleventh” should be funded before the trust created by paragraph “ twelfth ”, and requests instructions (2) as to what method should be used to fund the trust created by paragraph “ eleventh ” of the will and (3) as to the application of income cash accumulated by the administrator c. t. a.
In applying the rule that in construing a will we are to seek out and give effect to the intent and purposes of the testator as expressed in the will, the courts of this State have uniformly held that, in the absence of a contrary intent contained in the will, a residuary legatee is entitled to nothing until all debts and other legacies are paid. (Matter of Schlegel, 276 App. Div. 764, affd. 302 N. Y. 787; Matter of Title Guar. & Trust Co., 195 N. Y. 339; see, also, Matter of Reynolds, 242 N. Y. 389.)
The will of decedent in this case is clear and unequivocal in wording. On a careful reading of the will, we can discern no expression of intention on the part of testator that the trust created out of the residuary estate under paragraph1 ‘ twelfth ” is to in any way be created or effectuated until all of the prior legacies including the trust set up under paragraph 11 eleventh ’ ’ are fully paid or effectuated. Had the testator intended otherwise, it would have been quite simple for testator and the draftsman (an attorney experienced and well qualified in the drafting of wills) to have included both trusts referred to in the residuary clause of the will on some proportionate basis.
The trust created by paragraph “ eleventh ” of the will should be funded in an amount so as to produce an annual income of $1,200 per year without there being any substantial danger *347 of the necessity of invading principal, as permitted by the will, so as to afford a reasonable protection to the interests of the remaindermen. The court determines that this will require a capitalization of the trust on a 4% basis, the current rate of interest paid by savings banks in this locality, or an allocation to principal of this trust of the sum of $30,000. As a matter of analogy, see rule 243 of the Rules of Civil Practice, now section 402 of the Real Property Actions and Proceedings Law, providing for an evaluation of future estates on a 4% basis.
Having determined that the trust created by paragraph “eleventh” of the will should be completely funded before the trust created by paragraph “ twelfth ”, it would clearly follow that the income beneficiary of the trust under paragraph “ eleventh ” would also be entitled to a preference to the extent of $100 per month since the death of decedent, less amounts of income already paid to him, as against the income presently accumulated in the hands of the administrator e. t. a.
It is therefore the finding and decision of the court (1 & 2) that the principal funds in the hands of the administrator c. t. a. be applied first to the commissions and expenses properly chargeable thereto, second to the funding of the trust created by paragraph “eleventh” of decedent’s will up to the total sum of $30,000, and the balance, if any, to the funding of the trust created by paragraph “ twelfth ” of the will, and (3) that the income cash accumulated by the administrator c. i. a. be applied first to commissions and expenses properly chargeable thereto, second to payment to the income beneficiary under the trust created by paragraph “ eleventh ” of the will at the rate of $100 per month since the death of decedent, less amounts of income already paid to him, and third, the balance thereof, if any, to the income beneficiary under paragraph numbered “ twelfth ” of the will.
The court at this time makes no determination as to the persons who may become entitled to the principal of the trust or trusts created upon the termination of the interests of the income beneficiaries, since when that event occurs, the parties in interest may not be the same individuals as at the present time, and will be entitled to be heard in reference thereto.
Decree to be submitted and allowances to be fixed in accordance with this opinion.