Jerome B. E. Wolff, S.
The decedent died on July 23, 1947 a resident of Tates County and his last will and testament was duly admitted to probate on August 9,1947.
The decedent in the ‘ ‘ Third ’ ’ paragraph of his will provided a trust for Mary Elizabeth Carroll in the amount of $12,000 a year for her life. In paragraph “ Fifth ” he gave certain specific bequests. In paragraph “ Seventh ” he gave a life estate of the net annual income of his estate to his wife, Mabel Boss Wagener. In paragraph “ Twelfth” the decedent provided, upon the death or remarriage of his wife, under subparagraph ‘ ‘ A ” bequests of money to various individuals totaling $53,000 with the exception of one specific bequest. In this same paragraph he used the following phraseology: “ It is my will that should any of the persons named in this paragraph of my last Will and Testament predecease my said wife, or be deceased at the time of my wife’s right to receive the life income be terminated, then I direct that the bequest and/or legacy to such individual shall lapse and the property and/or the legacy given shall become a part of my residuary estate and augment the funds to be disposed of thereunder.” Thence the decedent continued in the same paragraph with subparagraphs. The testator proceeds in subparagraph “ B ” to make charitable bequests to various churches in stated amounts. In subparagraph “ C ” a trust in the amount of $12,000 is provided for various other churches wherein the income therefrom will be distributed to the various churches. In subparagraph “ D ” a trust in the amount of $5,000 is set up by the testator for the Guertha Pratt Home. In subparagraph “ E ” the sum of $500 is bequeathed by the decedent to every church organization within the County of Tates, State of New Tork. In subparagraph “ F ” the sum of $5,000 is provided in trust for perpetual care of cemetery lots. In subparagraph “ G ” three other trust funds are provided for three individual churches. In subparagraphs “ H,” “ I ” and “ J” three further individual trust funds are provided for *472 named individuals, including Mary Elizabeth Carroll and Harry Skiff. In the three trust funds created under subparagraphs “ H,” “ I ” and “ J ” the testator used the same phraseology, that, upon the decease of the beneficiary “ said sum shall become a part of my residuary estate and be disposed of under the thirteenth paragraph of this my last Will and Testament.”
In the ‘ ‘ Thirteenth ’ ’ paragraph it is provided as follows: “ all the rest, residue and remainder of my property of every kind and description, including any bequest, legacy or devise which may have lapsed or may have become ineffective for any cause I give, devise and bequeath to my trustee herein named in trust to be invested and reinvested in the bonds of the United States of America and/or bonds of the State of New York and direct that the income therefrom shall be paid semi-annually to St. Mark’s Episcopal Church, Penn Yan, New York. I hereby designate this to be the residuary clause of my last Will and Testament.”
Mabel Ross Wagener as the widow and as executrix under the will of the decedent herein has since died and on January 7, 1959, the Central Trust Company, Rochester as administrator c. t. a. petitioned for the final judicial settlement of the account of Mabel Ross Wagener. At that time the Surrogate decreed that since there was an insufficient sum of money or assets on hand to pay the general legacies in full, that the legacies as provided in the paragraph ‘ ‘ Twelfth ’ ’ of the will of the decedent be paid prorata and abated accordingly. The general legatees were thence paid 73.118% of their legacy. At that time the Surrogate in his decree stated that he would not determine the question as to the disposition of the corpus of the trust for Mary Elizabeth Carroll and Harry Skiff for payment to the general legatees for the unpaid balance of their legacies, or whether the disposition should be in toto into the residuary trust as set forth in paragraph “ Thirteenth ” of the decedent’s will. Now that question is squarely before the court for final determination.
A review of various decisions discloses that the courts have relied upon either the construction and interpretation of a will as whole, or upon the premise that general legacies are to be paid first before a residuary legatee can be considered, where the funds of the estate were insufficient for full payment under all the clauses of the will.
In Matter of Smallman (138 Misc. 889) the court considered in a very definitive form, the various types of legacies and their corresponding order of preference in payment. The court in its decision considered the question of the trust fund for the widow which was placed in a preferred classification.
*473 In Matter of Reynolds (242 N. Y. 389) the court decided that the remainder after the life estate should be placed in the residuary estate, the turning point there being that the residuary legatees were named specifically in the remainder clause and also named specifically in the residuary clause of the decedent. The added point was also considered'that there was a clause in that will providing that the legacies shall be paid without abatement. This the court interpreted as placing the residuary legatees not only in a position where they have already been named in a clause specifically stating as to the disposition of the remainder, but also placing them in the same category as other legacies as being preferred legatees. In Matter of Schlegel (302 N. Y. 787, 789) the Court of Appeals quoted the Appellate Division below in the same case as follows: ‘ ‘ Under the application to remainders of the settled rule that a residuary legatee is entitled to nothing until all the debts and other legacies are paid [Matter of Title Guar. & Trust Co., 195 N. Y. 339; Matter of Farmers’ Loan & Trust Co., 186 App. Div. 722, 726, 727, mod. 226 N. Y. 691], appellants are preferred over the residuary legatee, in view of the abatement of the corpus.”
In Matter of Title Guar. & Trust Co. (195 N. Y. 339) the Court of Appeals decided the case on the premise that the testator’s intention is to be collected from a reading of the entire will and that upon the termination of the trust fund, the general legacies are to be paid in full before the residuary legatees.
A like decision was made in Matter of Howard (186 Misc. 189) and in Matter of Denison-Forbes (41 Misc 2d 343).
The determination of a court in its decision is basically to attempt to effectuate the testator’s intentions within the framework of the law together with the fundamental ingredient of equity. A study of the decisions hereinbefore cited reveals that they were founded upon the interpretation of the court as to the intentions of the decedent within the outline of statutory definitions and decisional rulings.
Applying this fundamental rule to the instant case, the court finds that the testator’s will as a whole illustrates his primary intention of creating a life estate for his wife and thereafter the rewarding of various individuals who were his employees, his friends, relatives and various churches. This over-all thought of the testator was embodied in clause “ Twelfth ” with its 10 subparagraphs. It is noteworthy that the residuary legatee receives a bequest of $2,000 in subparagraph B ” and is a beneficiary under a trust in subparagraphs “C” and “ G-.” Naturally, the draftsman will always place a residuary clause in a will for the sole purpose of being a repository for anything *474 that was not devised or bequeathed and for lapsed legacies or for the residue remaining after full satisfaction of all provisions of the will.
The widow was granted under paragraph “ Seventh ” the right to invade the principal if necessary. The testator added his own thought in the same paragraph as follows: “ The net yearly income of my estate will, under existing conditions, amply provide for the comfortable maintenance of my said wife with no possibility of invading the principal of the various charitable provisions herein ’ \ The will made provision for the terminated life estates wherein the remainder would descend into the residuary clause, but this can only be considered when all the legacies and trusts as contained in the will have been fully satisfied. There are no additional clauses, preferential language or indications that the residuary legatee shall become entitled to any amount before the intentions of the testator have become completely satisfied. Therefore, the general legatees should be paid in full, that is, the difference between the amount of the bequest and what they have already been paid, and the remainder, if there be any, shall be placed under the residuary clause paragraph “ Thirteenth ” into a trust fund for the residuary legatee.